In the Matter of the Judicial Settlement of the Accounts and Proceedings of EDWARD M. GROUT, as Committee of the Property of ANTHONY CROUTER, a Lunatic.

EDWARD M. GROUT, as Committee of the Property of ANTHONY CROUTER, a Lunatic, Appellant; ANNIE E. CROUTER, Administratrix, etc., of ANTHONY CROUTER, Deceased, Respondent.

83    25
f 46ap308

83h   25
f 61ad295

*An appeal from an order denying a motion for reargument — committee of a lunatic — sections 2339 and 2344 of the Code of Civil Procedure — accounting upon the death of the lunatic.*

The General Term of the Supreme Court cannot entertain an appeal from an order denying a motion for the reargument of a motion; the court which hears the original motion can alone judge whether it has failed to consider any of the points raised upon a motion, and its determination upon this point is final.

Under the provisions of section 2339 of the Code of Civil Procedure the committee of the person or property of a lunatic is made subject to the direction and control of the court by which he was appointed with respect to the execution of his duties, one of which is, upon the termination of his office, to hand over the property of the lunatic to the proper parties.

The provisions of section 2344 of the Code of Civil Procedure are only intended to provide for the distribution of a lunatic's property, after his death, in the settlement of his estate.

Upon the death of a lunatic the proper course for the committee of his property to pursue is to present his accounts, with his petition for a citation, to the

court appointing him, upon the return of which, the accounts being before the court, if no objection be made, the court may pass the same, allowing what is just to be retained by the committee for his expenses and commissions, and directing the payment of the balance to the administrator of the lunatic. In order to enable the court to determine whether the bond of the committee of the property of a lunatic should be discharged, it must have before it the committee's accounts.

APPEAL by Edward M. Grout, as committee of the property of Anthony Crouter, a lunatic, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of October, 1894, denying the application of the appellant for an accounting and for his discharge as committee of the property of Anthony Crouter, a lunatic, and also from an order of the Supreme Court, made at the New York Special Term on the 12th day of November, 1894, and entered in said clerk's office, denying the application of the appellant for a reargument of such motion.

*Wm. H. Arnoux*, for the appellant.

*N. B. Hoxie*, for the respondent.

VAN BRUNT, P. J.:

As appears by the petition herein the petitioner was appointed the committee of the property of a lunatic and duly qualified, filing a bond for the faithful discharge of his duties in the amount of $16,900. Subsequently he entered upon his duties and has collected property belonging to the lunatic.

The lunatic died in July, 1894, and in the same month letters of administration were granted upon his estate to the respondent, Annie E. Crouter.

The next of kin are stated in the petition, all of whom are alleged to be of full age except two, who are over fourteen years of age.

The petitioner then prayed for the issuance of a citation by this court to the administratrix, the next of kin, the obligor of the bond and the creditors of the lunatic's estate, to make proof of claims and to show cause why final settlement of accounts of the committee should not be had, and if no cause be shown, to attend the settlement of said account.

Upon the hearing upon this petition a citation was issued, and upon the return of the petition the administratrix appeared and objected to an accounting, claiming that the court had no jurisdiction to pass upon the accounts, as section 2344 of the Code of Civil Procedure provides that, " Where a person, of whose property a committee has been appointed, as prescribed in that title, dies during his incompetency, the power of the committee ceases, and the property of the decedent must be administered and disposed of as if a committee had not been appointed." The court sustained the objection and upon a motion for reargument denied the same, and from the orders thereupon entered these appeals are taken.

It is clear that this court cannot entertain an appeal from an order denying a motion for reargument. The court which hears the original motion can alone judge whether it has failed to consider any of the points raised upon a motion, and its determination upon this point must be final.

The appeal from the order denying motion for reargument must, therefore, be dismissed, with ten dollars costs.

We think, however, that the motion for accounting should not have been denied upon the ground which has been urged. It is claimed that after a lunatic has died this court is ousted of all jurisdiction, and has no power to release its officer of his duties, or from the obligation of his bond.

By section 2339 of the Code of Civil Procedure a committee of the person or property of a lunatic is made subject to the direction and control of the court by which he was appointed with respect to the execution of his duties, one of which is, upon the termination of his office, to hand over the property of the lunatic to the proper parties.

Section 2344 of the Code was only intended to provide for the distribution of a lunatic's property after death in the settlement of his estate. The preceding section, 2343, requires the court to discharge the committee and restore his property to a lunatic when he becomes able to manage himself or his affairs, yet it will hardly be claimed that after the court has determined that the lunatic has become competent, and is bound to restore to him his property, the court has no power to pass the committee's accounts, and, if found correct, discharge his bond. In the case at bar, if the respondent's

contention is well founded, it would be impossible for the committee ever to get his bond discharged. The Surrogate's Court clearly cannot pass his accounts and discharge his bond.

The condition of a committee's bond is, that the committee will in all things faithfully discharge the trust reposed in him, and obey all lawful directions of the court touching the trust, and that he will, in all respects, render a just and true account of all money and other property received by him, and of the application thereof, and of his committeeship, whenever he is required to do so by a court of competent jurisdiction.

Whether the condition of this bond has been fulfilled cannot be determined by the court appointing the administratrix, and, hence, such bond could never be discharged if this court is completely ousted of all jurisdiction.

The learned court below based its decision upon the case of *In the Matter of Beckwith* (87 N. Y. 503), but it will be seen that the court expressly held in that case that the court is to pass over the property to the administrator of the lunatic, and may make provision for compensation for expenses incurred while the estate is under its supervision. How can this be done except by a presentation of his accounts by a committee to the court, and a determination by the court appointing him what he shall pay over, and what is this but an accounting?

The appellant was entitled to have this court direct what he should retain for expenses and what he should pay over, and upon such payment to discharge his bond. It is urged that it would be manifestly unjust to grant this application if the court had the power, and thus deplete this small estate to the extent of referee's, guardian's and attorney's fees and allowances. If it is necessary that these expenses should be incurred to discharge the committee, the committee has a right to a discharge and they must be incurred. The suggestion is made that the committee should reserve his commissions and deliver the balance of the property to the administratrix, and that her receipt would fully discharge and protect him, and that if he wished a formal discharge by this court he could procure the same *ex parte*. I hardly think that this court will discharge a committee's bond *ex parte*, or allow a committee and an administratrix to deplete an estate to any amount they see fit by way of com-

missions and expenses. In order to determine whether a committee's bond should be discharged, the court must have before it the committee's accounts, and then determine what allowance should be made for expenses and if commissions should be allowed. Any other course would open the door for the greatest abuses.

We do not see that the next of kin or the creditors of the lunatic have any right to representation upon this application. The creditors must collect their debts through the administratrix, and the next of kin must receive their share of the estate through the same source. The whole legal title to the personal property of the deceased lunatic is in the administratrix. It seems to us that the proper course for the committee is to present his accounts with his petition for citation. Then upon the return of said citation the accounts will be before the court; and, if no objection is made, it may pass the same, allowing what is just to be retained by the committee for his expenses and commissions, and directing the payment of the balance to the administratrix. In the case at bar there need be no such expenses as are urged as a reason for denying all protection to the committee; and, if no objection is made to the committee's accounts when filed, the court may pass the same and make a final order.

If the objection had been made that accounts had not been presented, this might have been a good reason for dismissing the application, but as no such objection has been raised, it cannot be considered here.

The order denying the application should be reversed, and an order made requiring the filing of the account and providing for an application founded thereon for discharge, without costs.

PARKER and O'BRIEN, JJ., concurred.

Appeal from order denying motion for reargument dismissed, with ten dollars costs; order denying application for accounting reversed and order made requiring the filing of account, and providing for an application founded thereon for discharge, without costs.