(19 Misc. Rep. 688.)

In re DOWD.

(Supreme Court, Special Term, New York County. March, 1897.)

INSANE PERSONS—JURISDICTION OVER PROPERTY—DISCHARGE OF COMMITTEE.
Laws 1893, c. 697, § 1, and Code Civ. Proc. § 2321, which provide that the "court exercising jurisdiction over the property of" an incompetent person "may" authorize the committee to advertise for creditors, and "must" preserve his property, and provide for the payment of debts, does not apply after the committee has been discharged, as may be done at any time (Code Civ. Proc. § 2343); but the only power of the court after discharging the committee is to pass his accounts.

Application by Cornelia Dowd as committee of the person and property of Daniel L. Dowd, an alleged incompetent person, for an order to compel certain persons to restore property which had been transferred to them by the incompetent person. Granted.

Wilder & Anderson, for the motion.
Welch & Daniels and Epstein Bros., opposed.

TRUAX, J. An order discharging the committee of the incompetent person and restoring his property to him was made and entered on December 1, 1896, and thereafter Daniel L. Dowd transferred all his property, both real and personal, to certain persons. This application is to punish said persons for contempt, and to compel them to retransfer Mr. Dowd's property to the committee heretofore appointed. The committee having been discharged, the court has no

jurisdiction in this matter, except to pass the accounts of the committee. In order to pass such accounts, it is not necessary that the creditors of the former incompetent person be cited to appear, or that an order be entered distributing the property of the incompetent person among the creditors entitled thereto. By section 2339 of the Code, a committee, either of the person or the property, is subject to the direction and control of the court by which it was appointed, with respect to the execution of his duties; and by section 2343 of the Code the court may, at any time, discharge a committee, and restore his property to a lunatic, when he becomes able to manage himself or his affairs. The Code does not require the court to cite the creditors to appear, nor does it require a distribution of the assets of the lunatic among them. Chapter 697 of the Laws of 1893 provides that (section 1):

"A court exercising jurisdiction over the property of a lunatic, idiot or habitual drunkard may, upon the petition of the committee of the property of such incompetent person, authorize him to advertise for creditors and other persons interested in such estate to present to him their claim, with the vouchers thereof," etc.

That act does not command the court to order the advertisement for presentation of claims against the estate, but is simply permissive, and is only to be ordered when the court in its discretion may think it proper. It is to be observed that a court "exercising jurisdiction over the property" is to make such an order. Such an order cannot be made after the committee has been discharged and the property restored to the former incompetent person. Section 2321 of the Code provides that:

"The court exercising jurisdiction over the property of either of the incompetent persons specified in the last section must preserve his property from waste or destruction, and out of the proceeds thereof must provide for the payment of his debts, and for the safe-keeping and maintenance, and the education, when required, of the incompetent person and his family."

It should be particularly observed that this section authorizes the court exercising jurisdiction over the property of the incompetent to preserve his property, and to provide for the payment of his debts, etc. After the court has exercised the power conferred by section 2343 of the Code, by discharging the committee, it has no further jurisdiction over the property of the former incompetent person, except to pass the accounts of the committee. It cannot, after discharging the committee and restoring the property to the incompetent person, order that the committee pay and distribute the estate of the incompetent person among his creditors; nor can it provide for his own safe-keeping, and maintenance and education, when required, of the incompetent person and his family. It is plain that such an order is only to be made while the court still exercises jurisdiction over the property and person of the incompetent person. There is no analogy between the powers of the committee of an incompetent person and the executor or administrator of a deceased person, so far as the payment of debts is concerned. In the case of an administrator or executor it is plain that no distribution of the estate can be made until the debts of the decedent are first paid, while, according to the provisions of

the Code, the court may, at any time, restore the property to the incompetent person, upon a discharge of his committee, without prejudicing or interfering in any way with the rights of the creditors. When the committee of an incompetent person is discharged, the same course should be pursued as in the case of the death of the incompetent person. In such case the power of the committee ceases by the provisions of section 2344 of the Code, the property is administered as if no committee had been appointed, the estate of the deceased incompetent person is turned over to the executor or administrator, and the debts of the estate are paid by the administrator or executor. The court has no other power in the premises. See In re Grout, 83 Hun, 25, 31 N. Y. Supp. 602. The property of the incompetent is still in the custody of the court, to the extent that the court may order it to be disposed of for the purpose of paying the costs, charges, and expenses of the committee; and if the committee has not parted with the actual possession of the property, the court will not order it to do so until such costs, charges, and expenses have been paid. In the meantime, the court will order the persons to whom the alleged incompetent has transferred his property to refrain from incumbering or otherwise disposing of such property.

Motion granted as above. Ordered accordingly.