RICHARD DOWNING, as Committee of the Person and Estate of DARLING B. WHITNEY, Respondent, *v.* EDWIN R. WHITNEY and Others, Defendants; HARRIET F. W. SPICER, Appellant.

*Committee of an incompetent — his duty on the death of the incompetent to account — when an action lies for the purpose.*

Section 2344 of the Code of Civil Procedure, providing that upon the death of an incompetent "the power of the committee ceases and the property of the decedent must be administered and disposed of as if a committee had not been appointed," does not relieve the committee of a deceased incompetent from his duty to account in a legal proceeding.

The Supreme Court has inherent jurisdiction of an action by the committee for that purpose, although the Revised Statutes and the Code of Civil Procedure authorize a proceeding by petition for the discharge of a trustee.

APPEAL by the defendant, Harriet F. W. Spicer, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 16th day of October, 1899, upon the decision of the court, rendered after a trial at the Kings County Special Term, overruling her demurrer to the complaint and awarding costs to the plaintiff.

*Edward Cromwell*, for the appellant.

*Halstead H. Frost, Jr.*, for the respondent.

WOODWARD, J.:

Richard Downing, as committee of the person and estate of Darling B. Whitney, an incompetent person, brought this action for an accounting as such committee. The plaintiff is one of the incompetent person's administrators. The appellant demurred to the complaint on the ground that the plaintiff had no legal capacity to sue

for the purpose of an accounting, the Code of Civil Procedure providing (§ 2344) that "Where a person of whose property a committee has been appointed, as prescribed in this title, dies during his incompetency, the power of the committee ceases, and the property of the decedent must be administered and disposed of, as if a committee had not been appointed." This demurrer was overruled, the learned court holding that "The incompetent having died, the power of the committee ceases, and it·is his duty then to account in a legal proceeding. (See *Matter of Forkel,* 8 App. Div. 400.) This is what plaintiff here seeks to do, nothing more. True, he could have resorted to a special proceeding for that purpose, but since there is a receiver as well as administrators, all of whom are parties to this action, it is possibly better that all questions be determined in an action for an accounting." In this opinion we are disposed to concur. It was clearly the duty of the plaintiff to account, the Code of Civil Procedure intending merely that his power over the property should cease, not that the death of the incompetent should relieve him absolutely of the trust, and while we are not disposed to say that this is the best practice (*Matter of Grout,* 83 Hun, 25), we think under the circumstances it would serve no good purpose to reverse this judgment. While the Revised Statutes and the present Code authorize a proceeding by petition for the discharge of a trustee, yet there is nothing in the statutes or the present Code provision which assumes to take away any of the powers which a Court of Chancery posseessed and which are now exercised by the Supreme Court. (*Matter of Lofthouse,* 3 App. Div. 139.) The Court of Chancery always possessed power to entertain a proceeding by bill to appoint, remove or dischange a trustee and to compel him to account. (Tif. & Bull. Trusts & Trustees, 392; *Leggett* v. *Hunter,* 25 Barb. 81.) In particular cases where the power extended to collect debts and receive the personal estate, it was doubted if the trustee could be discharged upon petition. (*Matter of Van Wyck,* 1 Barb. Ch. 565.) As the court has jurisdiction of the subject-matter, a proceeding which brings all of the parties in interest before it will enable the court to make the proper decree. (2 Perry Trusts, 920 *et seq.*) The action is of an equitable nature, and the court may be safely depended upon not to permit an abuse in the matter of costs. The codifiers say, in reference to the provisions of

the Code of Civil Procedure in matters affecting incompetent persons, that they have carefully endeavored " to avoid inserting statutory restrictions upon the courts tending to deprive them of any part of the large discretion now resting in them which it is necessary to preserve for the benefit of the unfortunate individuals to whom this title applies." (See *Matter of Lofthouse, supra.*) In the absence of any specific direction by the Code, there is no doubt of the inherent right of this court to entertain this action.

The judgment appealed from should be affirmed.

All concurred.

Judgment affirmed, without costs of this appeal.