DOWNING v. WHITNEY et al.

(Supreme Court, Appellate Division, Second Department. December 12, 1899.)

1. INSANE PERSONS—COMMITTEE—ACCOUNTING—DISCHARGE—EQUITY.

After the death of an incompetent person, a court exercising equity jurisdiction may, without statutory authority, on petition of the committee of such person, order an accounting and settlement of the trust, though a special proceeding is provided by statute under which trustees may be discharged from their trusts.

2. SAME.

Under Code Civ. Proc. § 2344, providing that, when an incompetent person dies, the power of his committee shall cease, and the decedent's estate must be administered the same as if the committee had not been appointed, it is the duty of the committee to render an accounting of his trust, as the death does not relieve him absolutely from his trust, but merely terminates his power over the property.

Appeal from special term, Kings county.

Action by Richard Downing, as committee of the person and estate of Darling B. Whitney, deceased, an incompetent, against Edwin B. Whitney and others. From a judgment for costs on the overruling of a demurrer, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edward Cromwell, for appellant.
Halstead H. Frost, Jr., for respondent.

WOODWARD, J. Richard Downing, as committee of the person and estate of Darling B. Whitney, an incompetent person, brought

this action for an accounting as such committee. The plaintiff is one of the incompetent person's administrators. The appellant demurred to the complaint on the ground that the plaintiff had no legal capacity to sue for the purpose of an accounting, the Code of Civil Procedure providing (section 2344) that:

"Where a person of whose property a committee has been appointed, as prescribed in this title, dies during his incompetency, the power of the committee ceases; and the property of the decedent must be administered and disposed of, as if a committee had not been appointed."

This demurrer was overruled, the learned court holding that:

"The incompetent having died, the power of the committee ceases, and it is his duty then to account in a legal proceeding. See In re Forkel, 8 App. Div. 400, 40 N. Y. Supp. 847. This is what plaintiff here seeks to do,—nothing more. True, he could have resorted to a special proceeding for that purpose; but since there is a receiver as well as administrators, all of whom are parties to this action, it is possibly better that all questions be determined in an action for an accounting."

In this opinion we are disposed to concur. It was clearly the duty of the plaintiff to account, the Code of Civil Procedure intending merely that his power over the property should cease, not that the death of the incompetent should relieve him absolutely of the trust; and, while we are not disposed to say that this is the best practice (In re Grout, 83 Hun, 25, 31 N. Y. Supp. 602), we think, under the circumstances, it would serve no good purpose to reverse this judgment. While the Revised Statutes and the present Code authorize a proceeding by petition for the discharge of a trustee, yet there is nothing in the statutes or the present Code provision which assumes to take away any of the powers which a court of chancery possessed, and which are now exercised by the supreme court. In re Lofthouse, 3 App. Div. 139, 38 N. Y. Supp. 39. The court of chancery always possessed power to entertain a proceeding by bill to appoint, remove, or discharge a trustee, and to compel him to account. Tiff. & B. Trusts, p. 392; Leggett v. Hunter, 25 Barb. 81. In particular cases, where the power extended to collect debts and receive the personal estate, it was doubted if the trustee could be discharged upon petition. In re Van Wyck, 1 Barb. Ch. 565. As the court has jurisdiction of the subject-matter, a proceeding which brings all of the parties in interest before it will enable the court to make the proper decree. 2 Perry, Trusts, 920 et seq. The action is of an equitable nature, and the court may be safely depended upon not to permit an abuse in the matter of costs. The codifiers say, in reference to the provisions of the Code of Civil Procedure in matters affecting incompetent persons, that they have carefully endeavored "to avoid inserting statutory restrictions upon the courts tending to deprive them of any part of the large discretion now resting in them, which it is necessary to preserve for the benefit of the unfortunate individuals to whom this title applies." See In re Lofthouse, supra. In the absence of any specific direction by the Code, there is no doubt of the inherent right of this court to entertain this action. The judgment appealed from should be affirmed.

Judgment affirmed, without costs of this appeal. All concur.