[S. F. No. 2339.   Department One. — March 2, 1901.]

In the Matter of the Estate and Guardianship of DELFINA LIVERMORE, a Minor.   GIOVANNI B. RATTI, Administrator, etc., Appellant.   TERESA E. LIVERMORE, Guardian, Respondent.

GUARDIAN AND WARD—DEATH OF WARD—INDEBTEDNESS TO GUARDIAN — SALE OF WARD'S ESTATE — JURISDICTION. — Upon the death of a ward, the superior court has no jurisdiction, in the matter of the guardianship, to order a sale of the real property of the deceased ward to pay an indebtedness found to be due from the ward to the guardian upon the settlement of the guardian's accounts.

ID. — POWER OF GUARDIAN — EXECUTION OF DEED. — A guardian can only execute a deed in the name of a living ward, and he can have no power, as guardian, to deed the property of a deceased ward.

ID.—REMEDY OF GUARDIAN FOR DEBT DUE— ADMINISTRATION OF ESTATE OF DECEASED WARD. — The proper remedy of the guardian to enforce the indebtedness due from the deceased ward is to have administration upon the estate of the deceased ward in the proper court.

APPEAL from an order of the Superior Court of Alameda County directing a sale by a guardian of the property of a deceased ward.   W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Metcalf & Metcalf, and Johnson & Shaw, for Appellant.

On the death of the ward, the guardianship necessarily terminates, and the guardian has no right to further act as guardian or to administer on the estate, but must adjust his accounts with the ward's legal representative.   (Tiffany on Persons and Domestic Relations, 348; *Barrett* v. *Provincher,* 39 Neb. 773; *Fortson* v. *Alford,* 62 Tex. 580; *Alford* v. *Halbert,* 74 Tex. 354; *Bean* v. *Bumpus,* 22 Me. 549.)   He has no longer any duty or power to act as guardian after the ward's death, other than merely to preserve the estate.   (*McKim* v. *Mann,* 141 Mass. 507.)   "The creditor of a deceased minor is entitled to have his claim paid, and is entitled to have administration on his estate granted to the proper person, that he may assert his demands against the estate."   (*George* v. *Davison's Guardian,* 18 Mo. 407; *Norton* v. *Thompson,* 68 Mo. 143.)   The court

has no jurisdiction, either after the majority or the death of a ward, to order sale of the real estate in the matter of the guardianship. (*Estate of Kincaid*, 126 Cal. 203; *Norton* v. *Strong*, 1 Conn. 64; *Perry* v. *Brainard*, 11 Ohio, 442; *Alford* v. *Halbert, supra*.) A deed can only be executed by a guardian in the behalf and name of the ward. (Schouler on Domestic Relations, sec. 351.) Bond must be given "to the ward," to authorize a sale. (Code Civ. Proc., sec. 1788; *Williams* v. *Morton*, 38 Me. 47;[1] *Stewart* v. *Bailey*, 28 Mich. 250; *Blauser* v. *Diehl*, 90 Pa. St. 350; *McKeever* v. *Ball*, 71 Ind. 398; *Barnett* v. *Bull*, 81 Ky. 127; *Vanderburg* v. *Williamson*, 52 Miss. 233.) The judgment of a court cannot validate an invalid sale by a guardian. (*Meddis* v. *Finley*, 98 Ky. 432; Rodgers on Domestic Relations, sec. 630.)

William R. Davis, and George W. Langan, for Respondent.

A petition by a guardian to sell property of the ward is *in rem*. (*Estate of Kincaid*, 120 Cal. 203, 205; *Gager* v. *Henry*, 5 Saw. 237.) The reimbursement of the guardian gives an interest in the *res*. (*Pepper* v. *Stone*, 10 Vt. 427.) The guardian is a trustee who is entitled to reimbursement out of the trust property. (Civ. Code, secs. 250, 2273; *Lincoln* v. *Alexander*, 52 Cal. 486.[2]) The superior court has equity powers in the matter of guardianship. (Const., art. VI, sec. 5; Civ. Code, sec. 250; Pomeroy's Equity Jurisprudence, sec. 1097.)

GAROUTTE, J.—This appeal is taken from an order allowing a guardian to sell real estate which formerly belonged to the ward. Prior to the application for the order the ward had died, being at the time over the age of majority. After her death the guardian filed her accounts, and upon the settlement thereof it was found and decreed by the court that the estate of the ward was indebted to her in a considerable sum of money. Thereupon this application for a sale of the real estate of the late ward was made by the guardian, and ordered granted by the court.

The foregoing proceeding is unique in this state, and the order made by the trial court cannot find support in the law. The title furnished to a purchaser at the sale by the deed of the guardian would not be worth a dollar. The proceedings here taken for the sale were had under the code provisions

---

[1] 61 Am. Dec. 229.        [2] 28 Am. Rep. 639.

pertaining to guardianship matters, and as to a sale of real estate, those proceedings only contemplate a case where there is a living ward,—a living ward not only when the proceedings are inaugurated, but up to and including the moment the deed is made. When the guardian executes the deed, he executes it for and in the place and stead of his ward, and the moment that ward is dead, his power to execute the deed is gone. He has no more power to execute a deed under these circumstances than would an attorney in fact after the death of his principal.

It is unnecessary to consider here what a court of equity might do under the circumstances presented by the facts of this case, in aid of the probate jurisdiction of the superior court. For here the statutory procedure laid down in the code in guardianship proceedings alone has been followed, and the sale is asked under that procedure. The guardian, as such, is attempting to make the sale, and the court is well assured it cannot be done. In *Alford* v. *Halbert*, 74 Tex. 354, a case similar in principle to the one at bar, the court said, in speaking of the efforts of a guardian to recover from the ward's estate the amount found due him by the probate court: "We think the only course left her was to administer in the proper court upon the estate of the deceased ward."

For the foregoing reasons the order is reversed and the cause remanded.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.