(61 App. Div. 176.)

PETERSON v. FELT.

(Supreme Court, Appellate Division, First Department. May 10, 1901.)

1. PLEADING—ANSWER—AMENDMENT—LACHES.

Plaintiff sued as trustee for creditors of a firm to foreclose a mechanic's lien on March 16, 1900. The answer was served May 25th following, and the case first appeared on the general call calendar on February 8, 1901, and was placed on the call calendar for March 1, 1901. On February 27, 1901, defendant procured an order to show cause why he should not be granted leave to serve an amended answer correcting errors in amounts of payments as averred in the original answer were made. The original answer was drawn on the last day of the time for answering, on the statements of the attorney of the defendant, made from memory, and the mistakes were not discovered until he was engaged in preparation for the trial. If the payments and counterclaims alleged in the amended answer tendered were established, the actual amount owing to plaintiff would be but a few dollars; and, in consequence of the firm's insolvency, defendant would be deprived of any remedy if not permitted to recover in this action. *Held*, that under the circumstances defendant's laches was not such as to justify a refusal to grant the motion to amend such answer.

2. APPEALABLE ORDERS—REARGUMENT.

An order denying a motion for reargument of a motion for leave to serve an amended answer is not appealable.

Appeal from special term, New York county.

Action by Charles G. Peterson, as trustee for the creditors of the firm of Johnson & Peterson, against Emily S. Felt, impleaded, etc. From an order denying a motion for leave to serve an amended answer and an order denying a motion for reargument of said motion, defendant Emily Felt appeals. Former reversed; latter dismissed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

A. J. Skinner, for appellant.
Charles Melville Weeks, for respondent.

HATCH, J. This action was brought to foreclose a mechanic's lien filed partly for work and materials furnished in completing a contract between the defendant and the firm of Johnson & Peterson, for the creditors of which the plaintiff is the trustee, and partly for alleged extra work. The action was commenced March 16, 1900. The answer was served May 25, 1900, and, after certain admissions, sets up payments and counterclaims. The proposed amended answer sets up additional payments, and corrects alleged errors in amounts of certain payments as averred in the original answer. The principal ground urged in opposition to the motion is the alleged laches of the defendant. We are of the opinion that, under the circumstances disclosed by the record, the motion should have been granted upon such terms as justice required. The case first appeared on the general call calendar on February 8, 1901, and was to be placed on the call calendar for Friday, March 1, 1901; but on February 27, 1901, an order to show cause was granted to the defendant, upon the return of which this order was made. It is true that the defendant has not made this motion very promptly, but we do not think there has been any such laches as justifies the refusal of the remedy asked. Such laches as there was is explained by the attorney for the defendant in his moving affidavits, from which it appears that the original answer was drawn on the last day of the time for answering, upon the statements of the agent and attorney in fact of the defendant, made from memory; and that the mistakes and omissions were not discovered until he was engaged in preparation for trial. It appears that, if the payments and counterclaims alleged in the amended answer are established, the actual amount owing from the defendant to the plaintiff will be but a few dollars; that the firm for whose creditors the plaintiff is trustee is insolvent, in consequence of which the defendant will be deprived of any remedy therefor if not permitted to recover thereon in this action. Clearly, then, the amendment is in the furtherance of justice, and the laches has not been such as to justify a refusal to grant it. The pleas are not merely technical, nor can they be said to be dilatory, but are apparently real, substantive defenses, and so entitled to the favorable consideration of the court. Plaintiff's attorney should have consented to receive the amended answer upon some terms. Before the motion was made, defendant's attorney offered to set the case down for trial for the first day succeeding the call of the same on the Friday calendar, if plaintiff's attorney would accept the amended answer; and this was before the case had been reached for trial.

Had he done so, justice would not have been delayed, as is complained of by him in his affidavit. The fact, if it be a fact, that the amended answer will require further preparation for trial on the part of plaintiff, furnishes no sufficient reason for denying the motion under the existing circumstances.

We reach the conclusion that the order appealed from should be reversed, with $10 costs and disbursements to the appellant, and the motion should be granted upon payment by the defendant of the taxable costs of the action after notice and before trial and $10 costs of the motion.

The appeal from the order denying a motion for a reargument of the motion for leave to serve an amended answer, which was argued with the appeal from the order, should be dismissed. It has been settled by this court that no appeal lies from such an order. In re Grout, 83 Hun, 25, 31 N. Y. Supp. 602. The appeal should, therefore, be dismissed, with $10 costs and disbursements. All concur.