In the Matter of ANNA W. FERRIS, an Incompetent Person.

GEORGE B. MEAD, JR., as Executor, etc., of ANNA W. FERRIS,. Deceased, Appellant; CRANSTON HAMILTON, Petitioner, Respond-- ent; THE LONG ISLAND LOAN AND TRUST COMPANY, Former Com-- mittee of the Estate of ANNA W. FERRIS, an Incompetent. Person, Respondent.

*Incompetent — death of, pending proceedings to determine the compensation to be paid the petitioner for his disbursements, costs, etc.— the executor of the incompetent should be made a party and the proceedings be continued — the compensation is a charge on the estate.*

Where a person, who has been adjudged incompetent, dies during the pendency of a proceeding to determine the compensation to be paid, out of the funds in the hands of the committee, to the petitioner for his necessary disbursements. and for costs and counsel fees, as provided by section 2336 of the Code of Civil Procedure, the court has power to direct that the incompetent's executor be: brought into the proceeding, and that such proceeding be prosecuted to a.. conclusion.

The expenses incurred in the proceeding are not ordinary debts of the decedent, which the petitioner is required to present to the decedent's executor for payment in the ordinary course of administration, but are a charge on the estate in the hands of the committee.

APPEAL by George B. Mead, Jr., as executor, etc., of Anna W. Ferris, deceased, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Westchester on the 3d day of April, 1903, sub-- stituting said appellant as a party to the above-entitled proceeding in place of Anna W. Ferris, an incompetent person, and directing the Long Island Loan and Trust Company, the former committee of the estate of said incompetent, to reserve out of the fund in its hands a certain sum to the credit of the proceeding.

*George H. Fletcher*, for the appellant.

*Milton A. Fowler* and *Irving Washburn*, for the petitioner,. respondent.

Order affirmed, with ten dollars costs and disbursements, on the opinion of Mr. Justice GARRETSON at Special Term.

BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred..

The following is the opinion of Mr. Justice GARRETSON delivered at Special Term:

GARRETSON, J.:

During the lifetime of the incompetent, this court, then having exclusive jurisdiction of her person and estate, had under consideration the determination of the amount which should be paid to the petitioner out of the funds in the hands of the committee of the estate for the necessary disbursements of the petitioner and for his costs and counsel fees as provided by section 2336 of the Code of Civil Procedure. Incidentally thereto, and for its better information, the court had appointed a referee to take proof in respect to the same and report with his opinion thereon. Pending the execution of the reference, the incompetent died. Her will has been proved in the Surrogate's Court and letters testamentary issued to the executor named therein. Upon the theory that the proceeding has abated by her death, the petitioner asks that the executor be brought in and made a party thereto and that it be directed that the reference be carried on to a conclusion.

Objection is made by the executor to the jurisdiction of the court to grant the motion, on the ground that by section 2344 of the Code, the power of the committee has ceased " and the property of the decedent must be administered and disposed of as if a committee had not been appointed."

I am of the opinion that this is not a sufficient answer to the application. The funds are still in the custody of the court in the hands of its bailiff, the committee, who is required to account in respect thereto, and thereupon to pay the same over to the executor upon the order of the court. (*Matter of Butler*, 8 Civ. Proc. Rep. 56; *Matter of Grout*, 83 Hun, 25.)

As the duty of the court to fix the disbursements, costs and counsel fees of the petitioner, as required by section 2336, has not been performed, it may yet perform that duty and should do so, notwithstanding the death of the incompetent, for those expenses remain a charge upon the estate. They are not ordinary debts against the estate of the decedent, and the petitioner is not required to present them to the executor to be adjusted and paid in due course of administration. (*Matter of Lofthouse*, 3 App. Div. 139; *Matter of Clapp*, 20 How. Pr. 385.)

The executor should be brought into the matter, the reference be proceeded with and the referee's report made, to the end that the amount of these expenses may be fixed and allowed by the court at an early day. Meanwhile, there should be deposited by the committee in a trust company to the credit of this proceeding $15,000 of the moneys in the committee's hands, to be held subject to the further order of the court. Upon compliance therewith, the committee may account for the purpose of being discharged.

This direction is not to be regarded as even an intimation of the amounts which should be awarded to the petitioner, as to which I can express no opinion for want of sufficient knowledge of the subject.

Let an order be prepared accordingly and submitted for settlement on two days' notice.