# 630

Matter of the Accounting of IRVING L. ROBERTS, as Committee of the Person and Estate of MARY HARDY, a Lunatic.

(County Court, Madison County, February, 1907.)

Insane persons — Guardianship — Accounting by committee — Limitation as to expenditures of committee.

> Upon the settlement of the account of the committee of the estate of a lunatic, the committee should be allowed for moneys borrowed by him and expended for the lunatic's support and maintenance after the personal estate was exhausted.

> The committee will not, however, be allowed for expenditures made more than six years prior to the filing of his petition for the settlement of his account.

THIS is a proceeding by Irving L. Roberts, as committee of the estate of Mary Hardy, a lunatic, for an accounting.

Briggs & Wallace, for petitioner.

H. W. Coley, special guardian for Mary Hardy upon this accounting.

KILEY, J.   On the 14th of January, 1897, the committee above named filed a petition for an accounting and filed his account in the County Court of Madison county, which account shows an indebtedness due the committee from the estate of the lunatic, at the time of filing the said account, of the sum of $2,987.71.   Upon the return of the citation, H. W. Coley, an attorney at Oneida, New York, was, by an order of the court, appointed special guardian of said incompetent person.   He filed his consent to so act and filed objections to the account of the committee, alleging that the sums of $1,205.88 and $543.48 and $530.89, appearing in said account, were all expended and that the indebtedness accrued more than six years prior to the accounting and the same are barred by the Statute of Limitations; that

the balance, to wit, $1,688.35, borrowed by the committee with the other sums from Frances A. Roberts, is not chargeable against the estate of said incompetent person, upon the ground that said committee was not authorized or empowered to borrow money upon the credit of said estate.

It appears by the petition in this proceeding that the committee filed his account on March 1, 1897, and that all the personal property of said incompetent person has been used for her support and maintenance, and that the balance shown by his account was borrowed from the sister of the incompetent person and paid out for the use and benefit of said incompetent person; that said incompetent person now leaves an undivided one-half interest in three parcels of real property, her interest being of the alleged value of about $1,500. It is not denied that the moneys were used for the benefit of the incompetent, no dereliction of duty in the discharge of the trust is imputed to the committee; and I hold that said committee did expend the sums set forth in his said account for the benefit of the incompetent person, for her support and maintenance and proper care, and I think that, in that respect, the objection of the special guardian should be overruled and the accounts allowed. Matter of Forkel, 8 App. Div. 397. However, as to the other objection interposed by the special guardian, we are confronted by a more difficult proposition. The objection that the Statute of Limitations has run against part of this claim seems to be well taken; and, to that extent, I sustain the objection of the special guardian and allow the committee credit for all the moneys expended by him within six years last past, preceding the filing of his petition. The committee is allowed his commissions and expenses as provided by statute, and there is allowed to his attorneys twenty-five dollars for making up the account and ten dollars a day additional for two days in presenting the matter to the court. The special guardian is allowed the sum of twenty dollars. Findings and decree may be prepared accordingly.

Ordered accordingly.