In the Matter of the Accounting of HENRY A. CORNELL, as Committee of the Person and Property of CLAIRE LAMBERT, Deceased Incompetent.

Supreme Court, Special Term, Queens County, November 29, 1954.

*Robert J. Delaney* for committee.

*George W. Herz* for Public Administrator of Queens County.

*Nathaniel L. Goldstein, Attorney-General of the State of New York (Faye Ettinger* of counsel).

DALY, J. Upon this proceeding judicially to settle the final account of a committee of the property of a deceased incompetent, it appears that the assets of the estate total $2,892.01. The claims against said estate are the allowances to be made to the special guardian, the attorney for the committee for settling the account and the commissions of said committee, a bill of the Department of Mental Hygiene of the State of New York in the sum of $5,477.67 and a bill in the sum of $499.50 for the funeral of the incompetent, including the grave which was purchased for her by the committee.

All interested parties are before the court, including the Public Administrator of the County of Queens, who was made a party to the proceeding because the deceased left no distributees whose whereabouts are known. He alone has interposed objections, not to the reasonableness of the claims but to the payment of the funeral and hospital bills at this time. He contends that under section 1383 of the Civil Practice Act the power of the committee ceased upon the death of the incompetent, whose property must be administered and disposed of as if a committee had not been appointed. Consequently, the Public Administrator urges that the bills of the undertaker and the Department of Mental Hygiene should properly be presented to him and that this court has no power to authorize the committee to pay such claims at this time.

It is true that ordinarily the death of an incompetent divests his committee of authority, and any liability of the decedent, as distinguished from that incurred by the committee, should properly be met by the executor or administrator of the estate of the incompetent, rather than by the committee. (*Matter of Keeling,* 148. Misc. 798, 800.) However, in directing the payment of debts already incurred by the committee, the court, settling his final account, may invoke equitable principles. (*Hyland* v. *Baxter,* 98 N. Y. 610.) And particularly is it proper to do so where, as here, all interested parties are before the court and the estate manifestly insufficient to pay all claims in full. To defer the payment of the two items objected to would not only deplete the estate but prolong avoidable litigation. (*Matter of Forkel,* 8 App. Div. 397.)

There is no doubt that the State of New York is a preferred creditor under the provisions of subdivision 2 of section 39 of the Mental Hygiene Law, and that the court at this time has the power, subject to the payment of administration expenses, to direct the balance remaining in the hands of the committee to be paid to the State of New York on account of its bill for the maintenance and medical care of the incompetent. (*Matter of Kohler,* 200 Misc. 506; *Matter of Guigues,* 64 N. Y. S. 2d 573.)

To do so, however, would leave no funds available for the payment of the funeral bill and the purchase of the grave, which the committee incurred in good faith. Upon being notified of the death of the incompetent, he attempted to locate the next of kin. Failing to do so, and faced with the emergency, he arranged for the funeral and purchased the grave. The amount and reasonableness of these items are challenged by no one. While strictly speaking, such a claim should ordinarily be met by the representative of the estate, under the particular facts presented here it was in the public interest for the committee to have incurred this obligation, and it is no more than equitable that it be directed paid out of the funds of the estate as an administration expense. Indeed, the Attorney-General of the State of New York, who is a party to this proceeding, has acquiesced in this view, notwithstanding that to the extent of this payment, the amount remaining to meet the maintenance bill of the State of New York is diminished.

The various claims have been disposed of, in accordance with the foregoing, in the proposed resettled order which has this day been signed.