## ADAIR v. MONTGOMERY.

No. 9411—Opinion Filed Dec. 3, 1918.

(176 Pac. 911.)

1. **Courts—Appeal from County Court to District Court—Probate Proceedings—Statutory Provisions.**

The right of an appeal from the county court to the district court in a probate proceeding, being purely statutory, must be enjoyed by a strict compliance with the provision of the statute that governs the right.

2. **Same—Procedure for Appeal.**

Before the district court can hear and determine a cause appealed from the county court in a probate proceeding, its appellate jurisdiction must be invoked by a strict compliance with the requirements of the statute regulating such appeals.

3. **Appeal and Error — Bond — Probate Court—Statute.**

The appeal bond required by section 6504 and section 6505 Rev. Laws 1910, is jurisdictional, and cannot, in the absence of a statutory provision, be waived by the court or the parties. Such bond is required not only to protect the rights of the appellee, but also on the ground of public policy, and for other reasons.

4. **Appeal and Error—Courts—Discretion of Trial Court—Inquiry into Own Jurisdiction.**

The courts have the inherent power to inquire into their jurisdiction, and, in the absence of a showing that the exercise of such discretion thus vested has been abused, the same will not be disturbed on review in this court.

(Syllabus by Galbraith, C.)

Error from District Court, Craig County; Preston S. Davis, Judge.

Arnie Clarence Adair, a minor, by Lottie N. Adair, his next friend, filed written exceptions to the final report of T. C. Montgomery, guardian of Arnie Clarence Adair. Exceptions overruled, report approved, and guardian discharged, and from the dismissal of an attempted appeal to the district court, Arnie Clarence Adair, by his next friend, brings error. Affirmed.

Florence Etheridge, for plaintiff in error.

Riddle, Bennett & Wilson and Geo. P. Fogle, for defendant in error.

Opinion by GALBRAITH, C. The minor, by her mother, acting as next friend, filed written exceptions to the final report of her guardian. By an order entered April 9, 1917, the exceptions were overruled, and the report approved and the guardian discharged by the county court.

An attempt was made to appeal to the district court; the appeal bond having been made, approved, and filed on the 20th day of April, 1917. The district court sustained a motion to dismiss the appeal because the appeal bond had not been filed within the time prescribed by statute. From that order an appeal has been prosecuted to this court.

The one assignment of error presented by the record is that the order of the district court dismissing the appeal was error.

It is contended on behalf of the plaintiff in error that the appeal bond is not jurisdictional, and that the purpose of fixing the time in the statute for filing the appeal bond was to require the appeal to be prosecuted within a reasonable time, and that, since it is apparent that the appellant was acting in good faith, and that the bond was filed on the eleventh day after the order complained of was made, and one day after the time prescribed in the statute had run, it ought to be held sufficient. No reason is given why the bond was not filed within the ten days prescribed by the statute. We are bound to conclude, therefore, that the failure to file it within time was the result of oversight, carelessness, or negligence.

The contention of the plaintiff in error cannot be sustained. This being a probate proceeding, the jurisdiction of the district court was appellate. The power of the district court to hear and review the orders of the county court in probate matters was appellate, and not original. This jurisdiction could only be invoked in the manner prescribed by the statute. One of the essential steps in invoking this jurisdiction was filing an appeal bond within the time prescribed in the statute. The language of the statute (section 6504, Rev. Laws 1910) is mandatory, and provides that the appeal "must be taken within ten days," and the following section, 6505, prescribing the manner of perfecting the appeal, sets out as one of the requirements:

"By executing and filing within the time limited in the preceding section, such bond as is required in the following sections."

The language of section 5466, Rev. Laws 1910, governing appeals from justices of the peace to the county and district court, uses the same mandatory language in fixing the time for filing the appeal bond. This court has held in Washburn v. Delaney, 30 Okla. 789, 120 Pac. 620, that the language of that statute is mandatory and that a strict compliance therewith is essential in perfecting an appeal; that filing the bond within the time prescribed in the statute is one of the essential elements in invoking the jurisdiction of the appellate court; that neither the court nor the parties can waive a strict compliance with the provision of the statute governing the appeal.

While these statutes (sections 6504 and 6505) in regard to appeals in probate matters have not been construed in this regard by this court, we take it that the same rule of construction should be applied to them that has been applied in the construction of section 5466, supra, since the language employed in each of these statutes is in the same mandatory form, and the jurisdiction exercised by the district court in probate proceedings is purely appellate, as is the jurisdiction of the district court and the county court in appeals from the justice of the peace court.

The filing and approving of the appeal bond in the instant case within the time prescribed by the statute being jurisdictional, the failure to have the bond presented and filed within ten days, as prescribed by the statute, was fatal to the jurisdiction of the district court to consider the appeal. The jurisdiction of the district court having been challenged by the motion to dismiss filed therein, that court, having determined that it had no jurisdiction in the case, therefore sustained the motion. Dowell v. Caruthers, 26 Kan. 723.

We find no error in the conclusion of the district court, and therefore hold that the order appealed from should be affirmed.

By the Court: It is so ordered.