## ARNOLD v. RICHARDSON, Adm'r.

No. 13731—Opinion Filed July 10, 1923.

(Syllabus.)

1. Courts—Appeal from County Court to District Court—Probate Proceedings—Statutory Provisions.

The provisions of sections 1414 and 1415, Comp. Stat. 1921, providing for the giving of written notice and executing a bond in order to take an appeal from a judgment or order of a county court sitting in probate, are mandatory, and upon a failure to comply with the provisions, such appeal should be dismissed by the district court.

2. Same—Appeal by Guardian—Failure to Give Bond—Dismissal.

Where the administrator of the estate of a deceased minor causes the acting guardian of said minor, during her lifetime, to appear before the county court and file his final account as such guardian, and the county court enters an order setting the account of such guardian, and the guardian attempts to prosecute an appeal to the district court from the order of the county court settling such account, without giving the bond as required by the statute, held, the district court properly dismissed such appeal.

Record examined, and held, that the order of the district court be affirmed.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Order of County Court settling accounts of J. M. Arnold, as guardian, and he appealed to District Court, where appeal was dismissed, and he brings error. Affirmed.

Sigler & Jackson, for plaintiff in error.

Porter Newman, for defendant in error.

KENNAMER, J. J. M. Arnold, plaintiff in error, prosecutes this appeal to reverse an order of the district court of Carter county dismissing the appeal of the plaintiff in error, wherein he sought to have the district court review the judgment of the county court settling the account of J. M. Arnold as guardian of Pearly Ann Stidham, a minor.

It appears from the record that Arnold was appointed guardian of Pearly Ann Stidham and that on the 20th day of June, 1919, said minor died. Thereafter, J. W. Richardson was appointed administrator of the estate of said deceased minor. Richardson caused Arnold to be cited to appear before the county court and make settlement of his accounts as guardian of said minor.

From the order settling the accounts of said guardian Arnold appealed to the district court without filing an appeal bond as required by sections 1414 and 1415, Comp. Stat. 1921. Motion was filed by Richardson, as administrator of the estate of said deceased minor, to dismiss the appeal, and the motion was sustained by the district court. Arnold seeks by this appeal to have this court review the order of the district court dismissing the appeal.

Section 1414, supra, provides how an appeal may be taken from a judgment or order of a county court sitting in probate to the district court. The appellant must file a written notice with the judge of the county court, and execute and file within the time prescribed in section 1413, such bond as is required by section 1415, Comp. Stat. 1921. The provisions of these statutes are mandatory.

An attempted appeal by the appellant without complying with the statutes is properly dismissed by the district court. Adair v. Montgomery, 74 Oklahoma, 176 Pac. 911.

Section 1429, Comp. Stat. 1921, providing:

"When an executor or administrator who has given an official bond appeals from a judgment, decree or order of the county court or judge, made in the proceedings had upon the estate of which he is administrator or executor, his said bond stands in the place of an appeal bond, and the sureties therein are liable as on such appeal bond"

—is not applicable to the facts in the instant case and does not authorize Arnold to prosecute the appeal from the order of the county court settling his accounts, without giving the required statutory bond, as the appeal is a personal matter with Arnold, and not one prosecuted by him as guardian in the interest of the minor's estate. Erlanger v. Danielson (Cal.) 26 Pac. 505; Fuller v. Fuller's Estate (Colo.) 44 Pac. 72.

The minor being dead, the right and duties of the guardian had ceased, and the remaining duty of the guardian was limited to making settlement of his account. 21 Cyc. 51; Livermore's Estate, 132 Cal. 99, 64 Pac. 113.

It is apparent that had Richardson, as administrator of said deceased minor's estate, desired to prosecute an appeal from the order of the county court settling the accounts of Arnold, as guardian of said minor during her lifetime, he would have been entitled to prosecute the appeal under section 1429, supra, without the giving of the statutory bonds, as he would have been representing the interest of the estate in his official capacity. But we fail to perceive of any theory upon which it may be said

that Arnold may appeal without the giving of the bond as required by the statute.

For the reasons stated, the order of the district court of Carter county dismissing the appeal is affirmed.

All the Justices concur, except McNEILL and KANE, JJ., not participating.