## COTTON v. HARRIS.

No. 16116—Opinion Filed April 14, 1925.

(Syllabus.)

**1. Mandamus—Refusal of Writ Where Right Doubtful.**

The writ of mandamus is a discretionary writ, and where it does not appear that the plaintiff has a clear legal right to the thing demanded, and where his claim thereto is substantially doubtful, the writ should be denied.

**2. Same—Wrongful Writ Against County Judge for Approval of Appeal Bond.**

Where a judgment is entered in the county court against a former guardian and after his appearance and a hearing had thereon and the guardian attempts to appeal to the district court without executing and filing an appeal bond within ten days after the rendition of such judgment, and thereafter, upon application of the guardian to the district court for writ of mandamus on the county judge requiring him to fix and approve an appeal bond therein, the issuance of such writ by the district court is error.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Mandamus by Art Harris against W. W. Cotton, County Judge. Writ granted, and defendant brings error. Reversed with directions.

Lydick, McPherrin & Wilson and Ambrister & Broaddus, for plaintiff in error.

Guy F. Nelson, for defendant in error.

LESTER, J. For convenience the parties will be referred to as they appeared in the court below.

On October 7, 1924, a judgment was rendered in the county court of Muskogee county, Okla., against Art Harris, as the surviving former guardian of Luther Tucker, a minor, in the sum of $71,456.05. Thereafter, on the 17th day of October, 1924, the said Art Harris filed with the county judge of said court his notice of appeal from the judgment theretofore rendered. It appears from the record that from October 18, 1924, to November 18, 1924, nothing further was done by any one in said cause; that on November 19, 1924, transcript of the proceedings in the county court, including a copy of the judgment against Art Harris, together with a copy of the notice of appeal, was filed in the district court of Muskogee county. On November 26, 1924, the attorney for Art Harris filed a motion in the county court requesting the court to fix the amount of the bond on appeal from said county court to the district court. On December 12, 1924, a motion was filed in the district court of Muskogee county to dismiss the appeal because no appeal bond was given or filed. On December 12, 1924, the county court entered its order fixing the appeal bond at $15,000, and allowing Art Harris ten days therefrom to execute and file the same. An objection was thereupon entered by Art Harris as to the amount of said bond, for the reason that the same as fixed was excessive.

On January 3, 1925, a petition was filed

ir the district court of Muskogee county, by Art Harris in which he sought a writ of mandamus from said court, compelling the county judge of Muskogee county to set aside the former order in which the said county court fixed the appeal bond at the sum of $15,000 and to fix an appeal bond in said cause in a reasonable sum. The petition further alleged that on the 17th day of October, 1924, the plaintiff filed with the county judge his notice of appeal from said order and judgment, and that by reason of unavoidable casualty and misfortune, due to the illness of plaintiff's attorney, and to an error in the journal entry of such judgment, and that while said attorney was having said journal entry corrected the said county judge left the courthouse without fixing the appeal bond required of plaintiff by the statute, and said bond was not thereby fixed, and the plaintiff, on account of such unavoidable casualty, should thereby be excused from making the appeal bond within the time required by law. An alternative writ was issued by the Hon. O. H. Searcy, district judge, on the 3rd day of January, 1925, directed to W. W. Cotton, county judge of Muskogee county, commanding the said W. W. Cotton to set aside the order made by him on December 12, 1924, and fixing an appeal bond in a reasonable sum, or that he appear in the district court on or before the 8th day of January, 1925, to show cause for such refusal.

On January 8, 1925, the said W. W. Cotton, as county judge of Muskogee county, filed a response to the alternative writ of mandamus, in which he set forth that the time for fixing the amount of the appeal bond had long expired previous to and at the time the petitioner applied to the respondent to fix said appeal bond, and therefore the petitioner was without right in attempting to compel the respondent by mandamus to fix and allow the appeal bond as prayed for in his application for a writ of mandamus. It was agreed that the case be submitted to the court on the allegations of the petition and the response, without any evidence being taken and with the further agreement that the action in mandamus was not filed more than ten days after the county court fixed a bond in which the county court prescribed in its order that said bond should be filed within ten days.

A trial was had to the court, and the court rendered a judgment in favor of the plaintiff, decreeing that the respondent, W. W. Cotton, permit the plaintiff to file an appeal bond in the sum of $1,500. A motion for the new trial was filed, overruled, and

the respondent prosecutes this appeal to reverse the action of the court below.

The petition in error contains six assignments of error; however, as we view the case, the main question to be decided is whether there was such an unavoidable casualty on the part of the plaintiff as would excuse him from making and filing an appeal bond within the time prescribed by the statute.

It appears from the record that the cause in the county court was tried on the 6th day of October, 1924; that judgment was rendered on the 7th day of October, 1924, that thereafter, on the 8th day of October, 1924, the attorney for Art Harris went to Kansas City, Mo.; that upon his return he was taken sick and confined to his room until the 17th day of October, 1924; that he went to the courthouse, and upon examination of the judgment he found it recited that a judgment was rendered in said cause on the 6th day of October, 1924, and that while engaged in having the journal entry corrected, the county judge left the courthouse, and that he was thereby, by reason of such unavoidable casualty, prevented from making and filing the appeal bond within the required time.

As further disclosed by the record, no further attempt was made to have an appeal bond fixed, until November 26, 1924. On December 12, 1924, the county court entered its order fixing the appeal bond at $15,000, allowing Art Harris ten days from that date to prepare and file the same. No attempt was made to file such a bond within the terms of this order.

Section 1415, Comp. St. 1921. as amended by Session Laws of Oklahoma 1923-24, reads as follows:

"The appeal bond shall be in such sum as the county court shall require and deem sufficient, with at least two sufficient sureties to be approved by the judge, conditioned that the appellant will prosecute his appeal with due diligence to a determination, and will abide, fulfill, and perform whatever judgment, decree or order may be rendered against him in that proceeding by the district court, and that he will pay all damages which the opposite party may sustain by reason of such appeal, together with all costs that may be adjudged against him; and such appeal bond shall stand in lieu of the cost bond and the cost deposit required in section 764 of the Compiled Statutes of Oklahoma 1921, and the court clerk shall not require either cost bond or cost deposit in such appealed cases."

Sections 1413, 1414, Comp. St. 1921, rel-

ative to an appeal from the county court to the district court, are as follows:

"Sec. 1413. An appeal by a party or person interested who was present at the hearing, must be taken within ten days, and an appeal by a person interested, who was not a party and not present at the hearing, within thirty days from the judgment, decree, or other order appealed from.

"Sec. 1414. The appeal must be made: First: By filing a written notice thereof with the judge of the county court. stating the judgment, decree or order appealed from, or some specific part thereof, and whether the appeal is on a question of law, or of fact, or of both, and, if of law alone, the particular grounds upon which the party intends to rely on his appeal; and.

"Second. By executing and filing within the time limited in the preceding section, such bond as is required in the following sections. It shall not be necessary to notify or summon the appellee or respondent to appear in the district court, but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pendency of the proceedings in the county court."

From the entire record, and placing the most favorable construction on the acts of the plaintiff in reference to the appeal bond, we are irresistibly led to the conclusion that he cannot be excused from making an appeal bond on account of the alleged unavoidable casualty. .It does not appear that the plaintiff made any inquiry of the county judge as to the amount of bond that would be required within the ten days allowed for executing and filing said bond. No request, either written or oral, was made to the county judge within the ten days allowed by statute to fix the amount of an appeal bond. An unavoidable casualty is a happening or nonhappening of an event that cannot be avoided. The mere fact that the county judge left the courthouse at some hour of the last day in which the bond was to be given, and no due diligence was shown to have been made to discover the whereabouts of the county judge, would not constitute an unavoidable casualty that would excuse or avoid the necessity of the plaintiff executing and filing said bond within the time required by law.

In the case of Clark v. DeGraffenreid, 64 Okla. 177, 166 Pac. 736, involving a question kindred to the case at bar, it appears that the county court, by its order, permitted a guardian to buy a tract of land at a certain price. Local representatives of the Secretary of the Interior, under the provisions of section 6, Act of Congress May 27, 1908, ch. 199, 35 St. 312, appeared and contested the proposed sale, and after the court made its order and the representatives of the Secretary of the interior gave notice of appeal to the district court, the county court refused to fix the amount of the appeal bond. The district court issued a writ of mandamus to the county court compelling the judge of the county court to transfer to the judge of the district court a certified copy of an order in the probate matter of the guardianship then pending, and to do and perform all other acts and things required by law of the judge of said court for perfecting an appeal to said district court. A writ of prohibition was sought to prevent the district court from exercising its jurisdiction. The court denied the writ of prohibition, but in its opinion stated:

"We, Mr. Justice Brett and the writer of this opinion, express no opinion as to what action should be taken in the district court in the instant case. We think it is an open question, however, under the facts before us, as to whether the district court should, if the question of jurisdiction for want of an appeal bond arises therein, upon a proper showing and request. make an appropriate order to the county court, affording the appellants an opportunity to make such bond in the county court and have it transmitted to the district court to be filed as a paper in the case, if the district court should not permit the same to be made and filed by the maker directly in that court."

. Mandamus will not be awarded, "when the relief sought is not clear and free from doubt." This court has held:

"The writ of mandamus is a discretionary writ, and where it does not appear that the plaintiff has a clear legal right to the thing demanded. and where his claim thereto is substantially doubtful, the denial thereof is not error," State ex rel Shepard v. Crouch 31 Okla. 206, 120 Pac. 915.

The same doctrine is reaffirmed in the case of McKee v. Adair County Election Board, 36 Okla. 258, 128 Pac. 294.

In the case of Midland Valley Ry. Co. v. Gilcrease, 38 Okla. 325, 132 Pac. 667, the court said:

"A writ of mandamus was sought to require a justice of the peace to mark a certain bond filed and transmit to the clerk of the county court a transcript. The bond, as well as the papers in the case, including the docket and record, had been destroyed in a conflagration. The relator had not made any effort to have the lost or destroyed papers substituted. Held, not error to deny the writ."

As will be observed, the statutes provide that a party who was interested in the ac-

tion and present at the hearing must take an appeal within ten days, and that an appeal by a person interested but who was not a party and not present at the hearing, within thirty days from the judgment. The statutes further provide that within the time so limited a bond on appeal must be executed and filed. This court has passed upon the necessity of the execution and filing of such a bond in order to confer jurisdiction on the district court.

In the case of Adair v. Montgomery, 74 Okla. 21, 176 Pac. 911, the court said:

"It is contended on behalf of the plaintiff in error that the appeal bond is not jurisdictional, and that the purpose of fixing the time in the statute for filing the appeal bond was to require the appeal to be prosecuted within a reasonable time, and that, since it is apparent that the appellant was acting in good faith, and that the bond was filed on the eleventh day after the order complained of was made, and one day after the time prescribed in the statute had run, it ought to be held sufficient. No reason is given why the bond was not filed within the ten days prescribed by the statute. We are bound to conclude, therefore, that the failure to file it within the time was the result of oversight, carelessness, or negligence.

"The contention of the plaintiff in error cannot be sustained. This being a probate proceeding, the jurisdiction of the probate court was appellate. The power of the district court to hear and review the orders of the county court in probate matters was appellate and not original. This jurisdiction could only be invoked in the manner prescribed by the statute. One of the essential steps in invoking this jurisdiction was filing an appeal bond within the time prescribed in the statute. The language of the statute (section 6504, Rev. Laws 1910) is mandatory and provides that the appeal 'must be taken within ten days,' and the following section, 6505, prescribing the manner of perfecting the appeal, sets out as one of the requirements:

" 'By executing and filing within the time limited in the preceding section such bond as is required in the following sections: * * *'

"The filing and approving of the appeal bond in the instant case within the time prescribed by the statutes being jurisdictional, the failure to have the bond presented and filed within ten days, as prescribed by the statute, was fatal to the jurisdiction of the district court to consider the appeal. The jurisdiction of the district court having been challenged by the motion to dismiss filed therein, that court, having determined that it had no jurisdiction in the case, therefore sustained the motion. Dowell v. Caruthers, 26 Kan. 723."

The doctrine in the above case has been reaffirmed in the case of Arnold v. Richardson, 90 Okla. 220, 217 Pac. 381.

We believe far less confusion will arise in consistently holding to the principle enunciated in well-considered cases, if on account of a mere happening of some event which, by the use of ordinary and reasonable diligence, could have been avoided, would excuse a plain and mandatory requirement of statute, will lead to unending uncertainties and confusion.

We therefore hold that the district court of Muskogee county committed error in issuing its writ of mandamus on the county judge requiring him to permit the plaintiff to execute and file an appeal bond without an effort on the part of the plaintiff to have the amount of said bond fixed by the county judge within ten days after judgment was rendered in the county court.

The cause is reversed, with directions to the district court to enter judgment for the defendant.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Nott.—See under (1) 26 Cyc. pp. 144, 151, 153; 18 R. C. L. p. 128; 3 R. C. L. Supp. p. 787; 4 R. C. L. Supp. p. 1179. (2) 3 C. J. p. 1177, § 1250; 26 Cyc. p. 217.