**ALLEN et al., Adm'rs, v. KINDER et al.**

No. 19952.   Opinion Filed May 5, 1931.

Rehearing Denied June 30, 1931.

I. P. Keith, for plaintiffs in error.

W. J. Horton and Jackman A. Gill, for defendants in error.

HEFNER, J.   J. E. Allen and J. M. Johnson prosecute this appeal to reverse an order of the district court of Pittsburg county dismissing their appeal wherein they sought to have the district court reverse a judgment of the county court settling their accounts as administrators of the estate of J. M. Dobyns, deceased. They presented their final account to the county court, which contained therein a contested item in the sum of $640.30. The court found in favor of the contestants as to this item and disallowed the same as a charge against the estate.

The appeal was dismissed by the district court for the reason that appellants failed to file an appeal bond. It is the contention of appellants that they had a right to appeal without bond under section 1429, C. O. S. 1921, which provides:

"When an executor or administrator who has given an official bond appeals from a judgment, decree or order of the county court or judge, made in the proceedings had upon the estate of which he is administrator or executor, his said bond stands in the place of an appeal bond, and the sureties therein are liable as on such appeal bond."

We do not think the statute applicable to the situation here presented. The statute only applies where administrators take an appeal in the interest of the estate and in order to preserve or protect the estate, and has no application where an appeal is taken to defeat a personal claim against them.

This court construed this section of the statute in the case of Arnold v. Richardson, Adm'r, 90 Okla. 220, 217 Pac. 381.   It is there said:

"Section 1429, Comp. Stat. 1921, providing: 'When an executor or administrator who has given an official bond appeals from a judgment, decree or order of the county court or judge, made in the proceedings had upon the estate of which he is administrator or executor, his said bond stands in the place of an appeal bond, and the sureties therein are liable as on such appeal bond'—is not applicable to the facts in the instant case, and does not authorize Arnold to prosecute the appeal from the order of the county court settling his accounts, without giving the required statutory bond, as the appeal is a personal matter with Arnold, and not one prosecuted by him as guardian in the interest of the minor's estate.   Erlanger v. Danielson (Cal.) 26 Pac. 505: Fuller v. Fuller's Estate (Colo App.) 44 Pac. 72."

Under the rule announced in this case, the judgment of the trial court is affirmed.

RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.