## In re METHVIN'S GUARDIANSHIP. METHVIN v. METHVIN.

No. 26197.   Sept. 10, 1935.

Rehearing denied Oct. 8, 1935.

W. R. Wheeler and Pruett & Wamsley, for plaintiff in error.

C. Ross Hume, for defendant in error.

PER CURIAM. This is an appeal from the order of the district court settling the account of Frank B. Methvin, guardian of Deapolis Methvin, his minor son. On January 4, 1924, Frank B. Methvin was appointed guardian of his minor son and letters were issued and the oath taken as guardian January 7, 1924. Bond was duly made, and thereafter in the proceedings certain funds derived from agency of the government came into the possession of the father and guardian. On May 23, 1933, Deapolis became of age, and on June 3, 1933, the guardian filed his final account showing the receipt of certain funds from the Kiowa Indian Agency. On June 12, 1933, Deapolis Methvin for himself filed objection and exceptions to the final account rendered by the guardian. On June 26, 1933, the guardian filed an amended final account, and these matters were settled before the county judge on the 27th day of July, 1933, when the final judgment and decree was rendered, which disallowed the account of the guardian and charged the guardian with the sum of $763.65, the same being the entire amount which he had received as guardian.

On August 1, 1933, the guardian filed written notice of appeal, and claims that by virtue of section 565, O. S. 1931, he has the right to appeal from said order without giving the ordinary appeal bond provided by the section for appeals from the county to the district court. When the appeal was lodged in the district court Deapolis Methvin filed a motion to dismiss the appeal, which was overruled. On August 30, 1934, the district court rendered judgment on behalf of Deapolis Methvin, which is in effect the same as that rendered by the county court. The motion to dismiss is renewed in this court on the ground that the district court never acquired jurisdiction of the appeal. Section 565, O. S. 1931, is as follows:

"Executors, administrators and guardians who have given bond in this state, with sureties, according to law, are not required to give an undertaking on appeal or proceedings in error."

It will be seen, therefore, that executors, administrators, and guardians are all in the same class under the above statute. This court has held that a guardian has no right to appeal from the order of the county court settling his account, after the termination of the guardianship, without giving the required statutory bond. In Arnold v. Richardson, 90 Okla. 220, 217 P. 381, the ward had died and the administrator had caused to be issued a proceeding to settle his account as guardian of such minor. The guardian attempted to appeal without giving the required bond. The language of the court therein is as follows:

"An attempted appeal by the appellant without complying with the statutes is properly dismissed by the district court. Adair v. Montgomery, 74 Okla. 21, 176 P. 911.

"Section 1429, Comp. Stat. 1921, providing: 'When an executor or administrator who has given an official bond appeals from a judgment, decree or order of the county court or judge, made in the proceedings had upon the estate of which he is administrator or executor, his said bond stands in the place of an appeal bond, and the sureties therein are liable as on such appeal bond,' is not applicable to the facts in the instant case, and does not authorize Arnold to prosecute the appeal from the order of the county court settling his accounts without giving the required statutory bond, as the appeal is a personal matter with Arnold, and not one prosecuted by him as guardian in the interest of the minor's es-

tate. Erlanger v. Danielson, 88 Cal. 480. 26 P. 505; Fuller v Fuller's Estate (Colo. App.) 44 P. 72.

"The minor being dead, the right and duties of the guardian had ceased, and the remaining duty of the guardian was limited to making settlement of his account. 21 Cyc. 51; Livermore's Estate, 132 Cal. 99, 64 P. 113.

"It is apparent that had Richardson, as administrator of said deceased minor's estate, desired to have prosecuted an appeal from the order of the county court settling the accounts of Arnold, as guardian of said minor, during her lifetime, he would have been entitled to prosecute the appeal under section 1429, supra, without the giving of the statutory bonds, as he would have been representing the interest of the estate in his official capacity. But we fail to perceive of any theory upon which it may be said that Arnold may appeal without the giving of the bond as required by the statute."

In this case the guardianship was terminated by the death of the minor; in the case at bar it is terminated by the minor having reached his majority. In either event, the reason for the rule, to wit, that the remaining duty of the guardian was limited to making a settlement of his account, applies. As said above, this appeal of the former guardian is a personal matter with the appellant and not one prosecuted by him as guardian in the interest of the minor's estate. In any event it does not appear that the guardian was representing the interest of the estate of the minor in his official capacity.

Appellant calls attention to the section of the statute involved in Arnold v. Richardson, supra, section 1429, O. O. S. 1921 (O. S. 1931, sec. 1403), which does not mention guardians, but, as pointed out above. section 565, O. S. 1931, mentions executors, administrators, and guardians. No case has been cited and no reason shown why a guardian would be in any different position than an executor and administrator under the statute. Appellant cites the case of Stinson v. Leary (Wis.) 34 N. W. 63, and attempts to distinguish the rule in favor of the right of a guardian to appeal. An examination of that case reveals that the guardian appealed from the order of the county court adjusting the accounts and declaring an indebtedness in the sum of $446.91, after the guardian had been ordered cited for failure to settle accounts. The court therein adopted a different rule to the one announced in Arnold v. Rich-

ardson, supra, and with which we cannot agree. To show that it does not apply exclusively to guardians under the statute considered in the Wisconsin case, we quote the first syllabus:

"Rev. St. Wis. sec. 4032, relating to appeals from the county to the circuit court, provides that 'the party appealing. other than an executor, administrator, guardian or trustee, shall at the time of filing notice of appeal, * * * file with the county court an undertaking,' etc. Held, that this provision relieved a guardian from filing such undertaking, even though the amount found due from him to his ward exceeded the amount of his bond as guardian."

And in the body of the opinion the court clearly indicates that there is no distinction under this section and that they are adopting the rule as to executors, administrators, and guardians.

The case of Arnold v, Richardson, supra, is well reasoned, and we believe based upon logic. Since that time it has been followed in the case of Allen v. Kinder, 150 Okla. 156, 300 P. 653, in which the court said:

"Section 1429, C. O. S. 1921, giving the right to administrators to appeal without bond applies only where the appeal is taken in the interests of the estate, and does not apply where the appeal is taken by an administrator from an order disapproving certain items of his final account and disallowing the same as a charge against the estate."

It appears in that case that J. E. Allen and J. M. Johnson prosecuted an appeal to reverse the order of the district court dismissing an appeal from the county court settling their accounts as joint administrators of J. M. Dobyns. They presented their final account to the county court, which contained a contested item in the sum of $640.30. The court found in favor of the contestants as to the item and disallowed the same as a charge against the estate. The appeal was dismissed by the district court for the reason that appellants failed to file an appeal bond. The contention of the appellants was that they had a right to appeal without bond under section 1429, O. O. S. 1921 (O. S. 1931, sec. 1403), and therein this court said:

"We do not think the statute applicable to the situation here presented. The statute only applies where administrators take an appeal in the interest of the estate and in order to preserve or protect the estate, and has no application where an appeal is taken to defeat a personal claim against them."

"This court construed this section of the statute in the case of Arnold v. Richardson, Adm'r., 90 Okla. 220, 217 P. 381."

In the cases cited above and while section 565, O. S. 1931, was in full force, our court held an administrator or executor could not appeal unless representing the estate. A guardian is in the same position and has no greater right by virtue of this section.

The cause is, therefore, reversed and remanded to the district court, with directions to dismiss the appeal from the county court.