**AARON et al. v. MORROW et al.**

No. 23782. Oct. 8, 1935.

Rehearing Denied Nov. 5, 1935.

Chas. B. Wilson and J. C. Cornett, for plaintiffs in error.

M. L. Holcombe and Clarence Lowman, for defendants in error.

PER CURIAM. Plaintiffs in error were sureties on a supersedeas bond for Southwest Tank Company, in Southwestern Tank Co. v. Morrow, 115 Okla. 97, 241 P. 1097, in this court, wherein said Southwest Tank Company was plaintiff in error and R. J. Morrow defendant in error. That cause was

affirmed on December 1, 1925, and judgment duly entered by this court on said bond against said sureties (plaintiffs in error in the present appeal).

Thereafter, mandate was issued and sent down to the trial court on February 12, 1926, the mandate closing with these words:

"Now, therefore, you are hereby commanded to cause such affirmance to show of record in your court and to issue such process and to take such other and further action as may be in accord with right and justice and said opinion. Journal entry of judgment on supersedeas bond attached hereto.

"Witness, the Honorable Geo. M. Nicholson,

"Chief Justice."

The subsequent history of the case is as follows: The said mandate was not spread of record until January 27, 1931. In the meantime the said judgment was assigned to M. L. Holcombe, who is a party to the present appeal.

Some abortive attempts were made to issue execution on the judgment, but, on February 26 1931, the judgment having become dormant, motion to revive judgment against plaintiffs in error was filed in the trial court. Plaintiffs in error filed protest against motion for revivor and p'eaded:

(1) That the trial court had no jurisdiction over the said judgment and process sought against them, contending that the jurisdiction was exclusive in the Supreme Court.

(2) That the motion for revivor came too late and was barred by the statute of limitation. They specifically pleaded that inasmuch as the judgment became dormant in five years after it was affirmed on December 1, 1925, motion to revive was not made within one year after it became dormant, and the motion to revive should not be allowed.

After the Supreme Court had affirmed the original case on December 1, 1925, it issued its mandate on February 12, 1926, and sent the same down to the trial court, said mandate containing the judgment against said sureties on the appeal bond. After the mandate was sent down to the trial court, the trial court alone had authority or jurisdiction to proceed by execution against the principal and sureties.

The statute with reference to judgments against sureties on supersedeas bonds reads as follows, section 546, Okla. Stats. 1931:

"In the event that the judgment of the court to which such appeal is taken is against the appellant, judgment shall, at the same time it is entered against the appellant, be entered against the sureties, on his said undertaking to stay execution and execution shall issue thereon against said sureties, the same as against their principal."

It was never intended by this statute that the Supreme Court should act for the trial court in such details as the issuance of execution or confirmation of sales thereunder.

Section 2, art. 7, of the Constitution provides:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts."

In the case of Harris v. Chambers, 121 Okla. 75, 247 P. 695, we quote from syllabus 1:

"It is the duty of the district court to enforce the mandate of the Supreme Court issued upon affirmance of the judgment of the district court brought here on appeal."

In the case of Gilliland v. Bilby, 53 Okla. 309, 156 P. 299 this court adopted the doctrine of the Supreme Court of the United States in the following words:

"The inferior court is bound by the decree as the law of the case, and must carry it into execution, according to the mandate."

The mandate from the Supreme Court directs the trial court to proceed in line with the opinion, and the mandate carries with it authority for the trial court to proceed against the sureties as well as the principal in order to enforce the judgment, the judgment having theretofore been entered against the sureties as well as the principal.

As to the second contention, it is our opinion that the trial court's jurisdiction over the cause was suspended until the mandate was sent down to the trial court. Egbert v. St. L. & S. F. Ry. Co., 50 Okla. 623, 151 P. 228.

Limitation on the motion for revivor would not begin to run until the mandate came down to the trial court, the mandate being sent down on February 12, 1926. The order of revivor was made by the trial court on January 4, 1932. The judgment did not become dormant until five years after the trial court was again invested with jurisdiction over the case, that is, until February 12, 1931. Inasmuch as the statute permits a revivor to be had one year after the judgment becomes dormant, making the total

limitation six years, the motion to revive would not have been barred until February 12, 1932, so defendants in error were safe by a margin of one month and eight days.

In the case of Sneary v. Nichols & Shepard Co., 70 Okla. 133, 173 P. 366, this court held, as shown by syllabus 1, as follows:

"A judgment becomes dormant within five years from the last issue of execution thereon, and five years having elapsed since the last execution was so issued in the instant case, such judgment may be revived at any time within one year after such judgment became dormant."

The trial court did not err in sustaining the motion for revivor. This cause is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys R. R. Bell, Byrne A. Bowman, and Mont Powell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Bell, and approved by Mr. Bowman and Mr. Powell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH. PHELPS, and GIBSON, JJ., concur.