METHVIN v. METHVIN.

No. 30278. May 5, 1942.

Rehearing Denied June 2, 1942.
Application for Leave to File Second Petition for Rehearing Denied June 30, 1942.

127 P. 2d 186.

W. R. Wheeler, of Anadarko, and Roscoe Bell, of Oklahoma City, for plaintiff in error.

C. Ross Hume, of Anadarko, for defendant in error.

OSBORN, J. This is an appeal by Frank B. Methvin, hereinafter referred to as defendant, from an order of the district court of Caddo county sustaining a garnishment and directing application of the garnisheed funds to the payment of a judgment formerly rendered against defendant in favor of Deapolis Methvin, hereinafter referred to as plaintiff.

On January 4, 1924, defendant was appointed and qualified as guardian of the estate of plaintiff, Deapolis Methvin, his minor son. On May 23, 1933, the ward reached his majority and an accounting was had in the county court. As a result of said proceeding the guardian was surcharged with the sum of $763.65. He prosecuted an appeal to the district court of Caddo county, and after a hearing therein it was found that said guardian was indebted to the ward in the sum of $763.65, subject to credits for certain items, leaving a balance of $691.80. The guardian prosecuted an appeal to this court and an opinion was promulgated on September 10, 1935. In re Methvin's Guardianship, 174 Okla. 75, 49 P. 2d 514. In the opinion of this court it was held that the appeal from the county court to the district court was ineffective for the reason that the guardian had attempted to prosecute said appeal without the giving of the statutory appeal

bond, and the cause was remanded, with directions to dismiss the appeal from the county court to the district court. On November 15, 1935, the district court remanded the cause to the county court, and on November 30, 1935, a transcript of the judgment was filed in the district court pursuant to the authority of 12 O. S. 1941 § 904. Thereafter the sum of $763.65 was paid on the judgment, leaving a balance of $393.30, with accrued interest and costs. On February 6, 1940, an execution was issued and an affidavit in garnishment was filed. As a result of the garnishment certain funds of the defendant were placed on deposit with the court clerk subject to the order of the court. A hearing was had and the court sustained the garnishment and directed the application of the funds to the payment of the balance of the judgment, and defendant has prosecuted this appeal.

It is contended first that the judgment was dormant upon the date of issuance of the order of garnishment in that the period of limitations of five years prescribed by the provisions of 12 O. S. 1941 § 735 had expired from the date of the judgment. It is the contention of the defendant that the five-year period began to run upon the date the judgment was originally rendered by the county court and not from the date the mandate of this court was spread of record in the county court. In this connection it is argued that defendant had failed to invoke the jurisdiction of the district court by his failure to file an appeal bond, and that the proceeding therein was a nullity. It is further argued that since the judgment of the county court was not superseded, the appeal therefrom was ineffective to suspend the operation of the statute of limitations.

In the case of In re Methvin's Guardianship, supra, it appears that when the appeal of this defendant was lodged in the district court, Deapolis Methvin filed a motion to dismiss the appeal, which was overruled; that the motion to dismiss raised the question that the district court never acquired jurisdiction of the appeal for the reason that no proper appeal bond was filed. The defendant therein relied upon the provisions of section 985, 12 O. S. 1941, providing that executors, administrators, and guardians who have given bond, with sureties, are not required to give an undertaking on appeal or proceeding in error. It appears that this defendant was successful in his contention before the district court that the statute was applicable to his appeal, and therefore he was not required to give an appeal bond. When the matter reached this court, however, the court, following numerous prior decisions, held that the statute was applicable only where the appeal was taken in the interest of the estate and had no application where the appeal was by the guardian from an order of the county court settling his final account in which order the court adjudged that the guardion was personally liable to the estate of the ward. Since the decision in the case of In re Methvin's Guardianship, supra, the case of Harjo v. Aubrey, 184 Okla. 344, 87 P. 2d 140, was before the court, and further consideration was given to the matter of perfecting appeals in probate matters from the county court to the district court. It was pointed out that the court had heretofore neglected to give full force and effect to the provisions of section 1414, O. S. 1931, 58 O. S. 1941 § 737, which provides that where an appellant, in good faith, gives notice of appeal, but omits, through mistake, to do any other act necessary to perfect the appeal or to stay proceedings, the appellate court may permit an amendment, on such terms as appear to be just. The court concluded, after a review of all the applicable statutes, that the filing of notice of appeal and of an appeal bond were prerequisite to the appellate jurisdiction of the district court, but where the failure to file the bond within the time was occasioned by mistake, the appellant might be authorized by the district court to file an appeal bond on such terms as might be just. In the light of the more recent holding, we

conclude that the effect of our former opinion in the case of In re Methvin's Guardianship, supra, was to hold that defendant herein had failed to make application to the district court for permission to make a proper appeal bond, but there was not an absolute failure of jurisdiction and the proceeding in the district court was not a nullity.

We pass to a consideration of the contention that since the judgment of the county court was not superseded, the appeal therefrom was ineffective to suspend the operation of the statute of limitations. The applicable statute is 12 O. S. 1941 § 735, and provides as follows:

"If execution shall not be sued out within five years after the date of any judgment that now is or may hereafter be rendered, in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor: Provided, that this section shall not apply to judgments against municipalities."

In the case of Price v. Sanditen, 170 Okla. 75, 38 P. 2d 533, we said:

"We do not believe that it was the intention of the lawmakers that the five-year period provided in section 442, supra, should begin to run until a judgment becomes final. Section 416, O. S. 1931, defines a judgment as follows: 'A judgment is the final determination of the rights of the parties in an action.' "

We pointed out further that the test of a final judgment is whether or not the court's jurisdiction has been exhausted as to matters decided, and that there could be but one final judgment in any action. It was further pointed out that the fact that an execution may be issued on a judgment does not by any means determine the finality of such judgment. It is the general rule that a judgment is not final in the sense that it is conclusive upon the parties until the losing party has failed, within the time allowed by law, to perfect his appeal, or having properly perfected his appeal, until the highest court whose decision is invoked by either party upholds the decision of the trial court. Annis v. Bell, 10 Okla. 647, 64 P. 11; State v. Schmoll (Mo. App.) 37 S. W. 2d 972, and authorities therein cited.

In harmony with these principles it was held in Aaron v. Morrow, 174 Okla. 452, 50 P. 2d 674, that the five-year period provided in the above-quoted statute did not begin to run until the mandate of this court was filed in the trial court. In that case the judgment of the trial court was superseded, but, as heretofore pointed out, the fact that an execution may be issued pending appeal does not in any manner determine the finality of the judgment, and the single purpose in superseding the judgment is to prevent the issuance of execution thereon.

In the early case of Bank of Stockham v. Weins, 12 Okla. 502, 71 P. 1073, we held that an appeal from the final order and judgment of the district court to the Supreme Court, in the absence of a supersedeas or stay bond, does not postpone or suspend the operation of the statute of limitations. This rule has since been quoted with approval by this court. See Gardner v. Autrey, 170 Okla. 526, 40 P. 2d 1042; Thomas v. Murray, 174 Okla. 36, 49 P. 2d 1080. See, also, Cales v. Smith, 180 Okla. 315, 69 P. 2d 384; New Amsterdam Cas. Co. v. Scott, 106 Okla. 268, 234 P. 181. The question involved in those cases is not the question presented herein. In those cases the court was concerned with the institution of new actions founded upon judgments previously rendered. The provisions of section 735, supra, were not involved in those cases. In the instant case we must determine whether or not the period of five years within which action must be taken to enforce a final judgment to prevent dormancy thereof is shortened by the failure to supersede the judgment pending appeal. We hold that it is not, and we find nothing in the above-cited cases

which conflicts with the views herein expressed.

In the instant case the garnishment proceeding which was in aid of execution was instituted within five years from the date the mandate of this court was spread of record in the county court of Caddo county, and the judgment of that court was not dormant at that time.

Other contentions of the parties have been examined and are without merit.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and BAYLESS and HURST, JJ., concur. RILEY, GIBSON, and DAVISON, JJ., dissent. ARNOLD, J., absent.

---

GIBSON, J. (dissenting). On the former appeal of this case (In re Methvin's Guardianship, 174 Okla. 75, 49 P. 2d 514) we held that the district court of Caddo county never acquired jurisdiction of the case, due to the fact that on the attempted appeal from the county court of Caddo county to the district court the bond required by 58 O. S. 1941 § 725 was not given. We thereupon reversed the judgment of the district court and remanded the case, with directions to that court to dismiss the appeal. That became the law of this case.

The fact that Harjo v. Aubrey, 184 Okla. 344, 87 P. 2d 140, has been adopted since the decision in the case of In re Methvin's Guardianship, supra, was promulgated is of no consequence. In Harjo v. Aubrey, supra, it was held merely that by reason of 58 O. S. 1941 § 737, where notice of appeal was given, the district court might be invested with jurisdiction of probate appeals by filing the appeal bond in the district court after the appeal was lodged there, and that the failure to file the bond within ten days in the county court as provided by 58 O. S. 1941 §§ 724, 725, was not fatal to the appeal. In this case no request for permission to file the appeal bond in the district court was ever made, but, on the contrary, the motion to dismiss the appeal because such appeal bond was not given was successfully resisted in the district court. As I understand the decisions, the saving grace accorded to an appellant by 58 O. S. 1941 § 737 does not extend to one who not only fails but refuses to give an appeal bond in either the county or district court.

The majority opinion misconstrues the former opinion in this case (In re Methvin's Guardianship, supra).

There we sustained the motion to dismiss for the reason that "the district court never acquired jurisdiction of the appeal." Contrary to the statement in the majority opinion, we did say, in effect, that there was an absolute failure of jurisdiction and the proceeding in the district court was a nullity.

The proceeding in the district court being a nullity, the judgment of the county court remained in that court undisturbed by the ineffective appeal, and it became final when no effective appeal was taken therefrom. It was then subject to collection by writ of execution out of the county court. 58 O. S. 1941 § 709. It is true that in Price v. Sanditen, 170 Okla. 75, 38 P. 2d 533, it was said: "The fact that an execution may be issued on a judgment does not by any means determine the finality of such judgment." But that statement contemplates only those judgments that are properly on appeal but are subject to execution for failure of supersedeas or an order of court staying the writ.

The majority opinion cites Aaron v. Morrow, 174 Okla. 452, 50 P. 2d 674, as authority for its holding that a judgment standing on appeal would not become final until affirmed, and mandate received by the trial court, and would not become dormant until five years thereafter for failure to issue execution. But the rule in the cited case presupposes a valid appeal, an appeal over which the appellate court acquired jurisdiction.

The judgment under consideration was entered in the county court on

July 27, 1933. No execution was issued thereon within five years and it became dormant. It was not revived within a year and so was dead and unenforceable when execution was issued thereon on February 6, 1940.

I therefore respectfully dissent.