Creekmore **WALLACE** and J. E. Hart, Appellants,

v.

Mac Q. **WILLIAMSON**, John O. Baker and Earl Ward, Trustees of the W. A. Graham Public Improvements Trust Estate, Appellees.

No. 37665.

Supreme Court of Oklahoma.

July 15, 1958.

Wallace & Wallace, Sapulpa, and Thomas A. Wallace, Tulsa, for appellants.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., Wallace, Wallace & Owens, Miami, for appellees.

WILLIAMS, Justice.

The question to be here resolved is whether the District Court of Mayes County, Oklahoma, had jurisdiction of the necessary parties, and the subject matter, to sustain the judgment rendered.

As we are of the view that the question must be answered in the affirmative, we need not review all subsidiary questions raised and presented in the respective briefs of counsel.

Messrs. Wallace and Hart appear in this court as appellants. Mac Q. Williamson, John O. Baker and Earl Ward, Trustees of the W. A. Graham Public Improvements Trust Estate (referred to for brevity as the Graham Trust) appear here as appellees.

On the 29 of August, 1955, C. D. Mitchell, administrator of the estate of W. A. Graham, deceased, obtained an order from the county court of Mayes County, Oklahoma, authorizing him to employ Creekmore Wallace and J. E. Hart as attorneys to prosecute certain actions in the courts to recover inheritance and estate taxes paid under protest. That order was obtained

without notice to or knowledge of the Trustees of the W. A. Graham Public Improvements Trust Estate or the Attorney General, acting for the State. Appeals from the County Court order to the district court were taken by the State of Oklahoma, and by such trustees.

The notices of appeal were supported by affidavits that the appealing parties are not required to post an appeal bond in any appeal or proceeding commenced or prosecuted by or on behalf of the State of Oklahoma because of the provisions of Sec. 66, Title 12, O.S.1951.

On December 18, 1956, a hearing was had in the district court. The Graham Estate was represented by C. D. Mitchell, its administrator, and by its attorney, Ralph B. Brainard. Such trustees were present in person and represented by their attorneys and the State of Oklahoma appeared by the Attorney General.

We will first give consideration to appellants' contention that the recital in the journal entry of the judgment in the district court, to the effect that the matter came "on for hearing upon the trustees' and State's appeal", is erroneous. Appellants say that the State of Oklahoma never entered an appearance in the matter until December 18, 1956, the date of the judgment entered in the district court.

The record does not support the proposition presented. Documents in the office of the Court Clerk of Mayes County, Oklahoma in the appealed case in the district court disclose (a) Notice of Appeal by the State of Oklahoma signed by the Attorney General and by an Assistant Attorney General, and (b) Motion by the State, acting by its Attorney General, to transmit and certify the record on appeal. The record discloses that on September 13, 1955, the Trustees filed their notice of appeal and on September 19, 1955, the State of Oklahoma, by its Attorney General, filed a notice of appeal to the district court. The notice of appeal of the State of Oklahoma was accompanied by an affidavit of an Assistant Attorney General to the effect

that the State of Oklahoma is not required to post an appeal bond under the provisions of Sec. 66, Title 12 O.S.1951.

The appeal notice of the Graham Trust Estate was accompanied with an affidavit stating it had an interest in the Graham Estate as sole distributee of the residuary estate of W. A. Graham, deceased, and that the Trustees of the Estate had no notice of the hearing in the county court and its order appointing appellants to represent the estate in the tax matters was without authority of law and contrary to the best interests of Mayes County and the State of Oklahoma, and that such trust estate is entitled under sections 381–397 of Title 60 O.S.Supp.1953 as a sub-division of the State to appeal without bond.

Appellants' contention that the State of Oklahoma is not a party to the action, or, if a party, that it did not give notice of appeal from the order of the county court, is not well taken.

Upon the preceding records, the judge of the county court certified the record of appeal to the district court.

Pursuant to previous assignment and notice thereof to Mr. Wallace, the cause appealed came on for hearing on December 18, 1956. In this hearing C. D. Mitchell appeared as the administrator of the Graham Estate, and by his counsel, Ralph B. Brainard. The Graham Trustees appeared personally and by their attorneys and the State of Oklahoma appeared by the Attorney General and an Assistant Attorney General. Messrs. Wallace and Hart made no appearance.

Upon this hearing, the Attorney General presented argument upon the grounds set forth in the foregoing notices of appeal that (a) The county court has heretofore ordered certain other attorneys to handle the same tax matters, (b), that said attorneys previously hired are competent and fully able to handle the tax matters, (c) that the attorneys previously hired have filed the proper action in the Supreme Court of Oklahoma which has been thoroughly briefed, and (d), that nothing now remains

to be done in these tax matters which justifies the employment of new or additional counsel.

Upon the presentation and argument, the district court entered an order vacating and setting aside the order of the county court dated August 29, 1955, authorizing the employment of appellants as attorneys in the W. A. Graham Estate. No exceptions were entered to said order by the administrator of the Graham Estate and the order was approved by his counsel.

We hold that the State of Oklahoma complied with the requirements of the statute in its notice of appeal, lodged in the county court, and the appeal was authorized by the State without giving an appeal bond.

Sec. 66 of Title 12 O.S.1951, provides, in part, that the State is not required to give bond in the prosecution of any suit, answer or appeal taken by it. This record reflects that the Trustees of the Graham Trust are interested in the W. A. Graham Estate, as sole distributee of the residuary estate of W. A. Graham, deceased, and that the State of Oklahoma is a beneficiary under the will of the Graham Estate. We therefore hold that both the State of Oklahoma and the Graham Trust had an interest in the matters presented on the appeal to the district court and that the district court had jurisdiction of the necessary parties and the subject matter, vesting in it jurisdiction to enter the order here complained of, unless, as appellants contend, because of failure of the Graham Trust to file an appeal bond on its appeal to the district court, that court was without jurisdiction to enter the order of December 18, 1956.

 The general rule as indicated by our earlier decisions appears to be that notice of appeal without the execution of an appeal bond does not vest the appellate court with jurisdiction of the attempted appeal. Construing Secs. 6504 and 6505 Rev.Laws 1910, later Secs. 1413 and 1414 Comp.Stat.1921, (now Secs. 724 and 725, Title 58 O.S.1951), providing for an appeal from the county court to the district court

in a probate matter, this court in Adair v. Montgomery, 1918, 74 Okl. 21, 176 P. 911 and Arnold v. Richardson, 1923, 90 Okl. 220, 217 P. 381, construing those sections and the next subsequent section, held that the filing of an appeal bond is mandatory and where same is not filed the district court is without jurisdiction. In subsequent decisions it is pointed out that where the appeal bond is not filed by reason of a mistake of law, the appellant may be authorized by the district court to file an appeal bond on such terms as may be just. See Harjo v. Aubrey, 1939, 184 Okl. 344, 87 P.2d 140, and Methvin v. Methvin, 1942, 191 Okl. 177, 127 P.2d 186. In In re Concer's Estate, Okl.1954, 271 P.2d 329, we construed Secs. 725 and 737 of Title 58 O.S.1951 and there said that where an appellant shall have given in good faith, notice of appeal, but omits, through mistake, to do any act necessary to perfect appeal, the district court under Sec. 737 may permit amendments.

No jurisdictional question was presented in district court by the parties to the record. Appellants were not parties to the record and, though notified of the assignment of the case for hearing, made no appearance. Under these circumstances we are of the view that appellants should not be heard on their appeal to this court to raise the question of the alleged irregularity of the appeal of the Graham Trust to the district court, absent a showing of a want of jurisdiction in such court.

We held in In re Pierce's Guardianship Sandlin v. Foltz, 180 Okl. 544, 71 P.2d 464, that the jurisdiction of the district court for failure to file bond on appeal from the county to the district court could not be raised for the first time upon appeal to this court.

Appellants further contend that the attempted appeal by the Graham Trust from the order of the county court was a nullity for the reason that the legislative act creating Trustees for the W. A. Graham estate, created an independent corporate entity and not a Department of State.

It is asserted that the creating of a Trust Estate as set up under Title 60 O.S.Supp.

1953 § 381 et seq. places the State in a position where it is engaging in ordinary business and therefore Sec. 66, Title 12 O.S.1951, under which the State can appeal without bond, does not apply, as to the Graham Trust. We do not deem it necessary to belabor the question whether the Graham Trust is, as contended by the Attorney General, a department of state and therefore exempt from filing an appeal bond, under Sec. 66, Title 12 O.S.1951, or as contended by appellants, that it is a private corporate entity and as such, must file an appeal bond to vest jurisdiction in the district court, for the reason, as we have pointed out, the failure to file the bond in either of such events may not be raised for the first time in the appeal to this court.

Upon the record before us we are of the view that the judgment of the trial court reversing the order of the county court may not now be attacked on the stated grounds, and its order and judgment are therefore affirmed.