B.R. RINGER, et al., Appellant,

v.

TRANSAMERICA INSURANCE COMPANY, Appellee.

No. B14–82–350CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 17, 1983.

Rehearing Denied April 14, 1983.

S. Mitchell Glassman, Glassman & Glassman, Houston, for appellant.

James G. Sargent, Ralph E. Gustafson, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

PAUL PRESSLER, Justice.

This is a suit upon a foreign judgment obtained by Clinical Development Corporation (hereinafter Clinical) in the District Court of Oklahoma County, Oklahoma.

In June 1965, Clinical purchased an insurance policy from appellee which covered Clinical for losses incurred through fraudulent or dishonest acts of its employees. In January 1967 Clinical brought suit in Oklahoma to recover damages caused by the fraudulent acts of Clinical's employees, B.R. and Mary Ringer (appellants). Appellee filed a cross-claim against appellants seeking indemnity should appellee be found liable to Clinical. On July 14, 1969, the Oklahoma District Court rendered judgment for Clinical for $73,695 with interest at 6% per annum from September 23, 1966, plus costs. Additionally, the trial court rendered judgment for appellee against appellants for "$73,695.00 with interest and costs." Both appellee and appellants filed motions for new trial which were overruled on September 30, 1969. Appellee appealed and appellant did not. On August 3, 1971 the Oklahoma Supreme Court affirmed the trial court. The Supreme Court's mandate was filed in the Oklahoma District Court on September 7, 1971. The judgment against appellee has been fully satisfied.

Appellants moved from Oklahoma to Texas in 1970. On April 14, 1976 appellee filed suit against appellant in the District Court of Harris County, to enforce the Oklahoma judgment. The trial court rendered judgment against appellants jointly and severally for $73,695 plus interest at 9% per annum from the date of judgment until the judgment is paid.

The trial court concluded as a matter of law that:

1) Limitations under 12 OKLA.ST.ANN. § 735 ... did not start to run until the judgment rendered in the Oklahoma case became final ... September 7, 1971, the date the mandate of the Oklahoma Supreme Court was filed with the District Court of Oklahoma County, Oklahoma. 2) The running of limitations under 12 OKLA.ST.ANN. § 735 was tolled during the absence of B.R. Ringer and Mary Ringer from the state of Oklahoma. 3) Suit in this case was timely filed within the time provided by 12 OKLA.ST.ANN. § 735 for enforcement of [the] Oklahoma judgment. 4) The plaintiff, Transamerica Insurance Company, is entitled to judgment against B.R. Ringer and Mary Ringer in the sum of $73,695 together with their costs, and interests on said judgment at the rate of 9% per annum from the date of said judgment, but is not entitled to recover interest on the Oklahoma judgment up to the date of judgment in this case.

Appellants bring four points of error. In their first two points, they contend that by virtue of the Oklahoma five year dormancy statute, the Oklahoma judgment was dormant as to them when suit was commenced against them in Texas. Okla.Stat.Ann. tit. 12, § 735 (West 1960). Appellants also argue that the trial court's conclusions of law are erroneous in finding that the Oklahoma judgment was not final until the Oklahoma Supreme Court issued its mandate in 1971. We disagree.

◼ In Texas a suit on a foreign judgment shall be barred if it would have been barred in the foreign jurisdiction under its laws. Tex.Rev.Civ.Stat.Ann. § 5530 (Vernon 1958). Under Oklahoma law a judgment is not final, in the sense that it is binding on the parties, until the losing party has failed to timely perfect his appeal, or, having properly perfected his appeal, "until the highest court whose decision is invoked by either party upholds the decision of the trial court." *Methvin v. Methvin,* 191 Okl. 177, 127 P.2d 186 (Okl.1942); *State v. Kerr-McGee Corp.,* 516 P.2d 813 (Okl. 1973).

◼ Appellants allege that the Oklahoma judgment contained two separate parts, and the one which concerned them was final when their motion for new trial was overruled on September 30, 1969. Appellants contend the dormancy statute runs from that date. We find no merit in this contention. Appellants were third party defendants in the Oklahoma suit. The law relates to only one judgment per cause. *Methvin v. Methvin,* supra; *Davis v. Baum,* 192 Okl. 85, 133 P.2d 889 (Okl.1941). Appellee's cross claim for indemnity was filed prior to the judgment and was part of that judgment. A judgment for indemnity necessarily requires a prior determination of liability. *Chicago Rock Island and Pacific Railroad Company v. Davila,* 489 P.2d 760 (Okl.1971); *Russell v. Lemons,* 205 S.W.2d 629 (Tex.Civ.App.—Amarillo 1947, writ ref'd n.r.e.); *Pate v. Tellepsen Construction Company,* 596 S.W.2d 548 (Tex.Civ.App.— Houston [1st Dist.] 1980, writ ref'd n.r.e.). Appellant's liability to appellee did not ac-

crue until appellee's liability to Clinical had been finally determined by the Oklahoma Supreme Court. The Supreme Court filed its mandate on September 7, 1971. The Texas suit was filed on April 14, 1976, approximately four years and seven months after the Oklahoma judgment became final. The five year Oklahoma dormancy statute, therefore, does not apply. Appellant's first two points of error are overruled.

In their third point of error appellants contend the trial court's conclusions of law are erroneous in finding that the Oklahoma five year limitation statute was tolled. Having found the statute does not apply, we do not reach appellant's third point of error.

◼ In their fourth point of error, appellants contend that the Oklahoma one year limitations period for suits on foreign judgments had expired at the time appellee filed the Texas suit. Okla.Stat.Ann. tit. 12, § 95 (West 1960). Texas law provides that:

Every action upon a judgment or decree rendered in any other state or territory in the United States, in the District of Columbia or any foreign country, shall be barred, if by the laws of such state or country such action would there be barred, and the judgment or decree be incapable of being otherwise enforced there; . . .

Tex.Rev.Civ.Stat.Ann. § 5530 (Vernon 1958). Appellee contends the judgment being sued upon in this case is not foreign to Oklahoma and, therefore, the Oklahoma one year limitations statute for foreign judgments does not apply. We agree. The judgment being sued upon is not foreign to Oklahoma, and a suit on such judgment would not be barred there under Okla.Stat. Ann. tit. 12, § 95 (West 1960). The judgment would be enforceable in Oklahoma and is, therefore, enforceable in Texas. Appellant's fourth point of error is overruled.

Finally, appellee contends by way of a cross point that the trial court erred in not rendering judgment for the appellee for interest at the rate of 6% from September

7, 1971 to April 19, 1982, the date of the Texas judgment. Appellee asks this Court to modify the judgment of the trial court to include such interest pursuant to Tex.Rev. Civ.Stat.Ann. art. 5069–1.05 (Vernon 1967). Appellant offers no argument in opposition to appellees request.

The law of Oklahoma with regard to post-judgment interest has not been proven. It is, therefore, presumed such laws are identical to those of the state of Texas. *State v. Thomasson,* 154 Tex. 151, 275 S.W.2d 463 (Tex.1955). The Texas law regarding the rate of post-judgment interest applicable at that time, stated that:

> All judgments of the courts of this state shall bear interest at the rate of six percent per annum from and after the date of the judgment, except where the contract upon which the judgment is founded bears a specific interest greater than six percent per annum, in which case the judgment shall bear the same rate of interest specified in such contract, but shall not exceed ten percent per annum from and after the date of such judgment.

Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 (Vernon 1967). The Texas suit was brought to enforce the Oklahoma judgment. The Texas judgment should, therefore, have included the 6% post-judgment interest which the Oklahoma judgment was legally required to award.

The judgment is affirmed in part and the cause reversed and remanded in part to the trial court for a determination of the interest to be paid the appellee consistent with this opinion.