## BUELL v. McKINNEY et al.

No. 15031—Opinion Filed Sept. 8, 1925.

(Syllabus.)

1. **Indians—Powers of Probate Attorney — Appeal from County to District Court.**

Under section 6 of the Act of Congress, May 27, 1908, a probate attorney, as the representative of the Secretary of the Interior, may appeal from the order of the county court to the district court where the estate of a full-blood restricted allottee is involved.

2. **Same—Erroneous Dismissal of Appeal.**

Record examined, and held, that all requirements of the statute pertaining to an appeal from the probate court to the district court have been complied with, and that the action of the district court in dismissing said appeal was erroneous.

Error from District Court, Okfuskee County; John L. Norman, Judge.

From orders of county court appointing W. E. McKinney and E. C. Aldridge guardians of Martha Jackson, now Davis, declared an incompetent, Dudley Buell, U. S. Probate Attorney, appealed to district court, and from an order dismissing his appeal, he brings error. Reversed and remanded.

Dudley Buell and J. C. Wright, for plaintiff in error.

White & Nichols, for defendants in error.

LESTER, J. This is an appeal taken by Dudley Buell in his official capacity as United States probate attorney, in behalf of Martha Jackson, now Davis, a full-blood Cherokee Indian, adjudicated as incompetent, from an order of the district court of Okfuskee county, Okla., dismissing an appeal taken by the applicant herein from the county court of Okfuskee county, which order dismissing the appeal was made and entered by the district court of Okfuskee county, Okla., on the 2nd day of July, 1923. The two grounds upon which said appeal was dismissed were as follows:

First, that no appeal was taken therein as provided by law.

Second, that the said Dudley Buell, as such United States probate attorney, or otherwise, had no interest in the subject-matter entitling him to an appeal.

The appeal was from two orders of the county court: First, the order dated March 8, 1923, appointing E. C. Aldridge joint guardian with W. E. McKinney in case No. 1270. (R. 20.) Notice of appeal from said order was served on the county judge on March 16, 1923; appeal bond was filed and approved March 16, 1923. The second order appealed from was dated March 14, 1923, adjudicating Martha Jackson, now Davis, an incompetent, and appointing W. E. McKinney and E. C. Aldridge joint guardians. Notice of appeal was served upon the county judge on the 21st day of March, 1923; appeal bond in said case was filed and approved on the 24th day of March, 1923.

Comp. Stat. 1921, section 1410, provides:

"An appeal may be taken to the district court from a judgment, decree or order of the county court. * * *"

Section 1414 provides:

"The appeal must be made:

"First. By filing a written notice thereof with the judge of the county court, stating the judgment, decree or order appealed from, or some specific part thereof, and whether the appeal is on a question of law, or of fact, or of both, and if of law alone the particular grounds upon which the party intends to rely on his appeal; and, Second. By executing and filing within the time limited in the preceding section, such bond as is required in the following sections. It shall not be necessary to notify or summon the appellee or respondent to appear in the district court, but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pendency of the proceedings in the county court."

Section 1413 provides:

"An appeal by a party, or by a person interested who was present at the hearing, must be taken within ten days, and an appeal by a person interested, who was not a party and was not present at the hearing, within 30 days from the date of the judgment, decree or order appealed from."

Section 1412 provides:

"A person interested in the estate or funds affected by the decree or order, who was not a party to the special proceedings in which it was made, but who was entitled by law to be heard therein, upon his application, or who has acquired, since the decree or order was made, a right or interest which would have entitled him to be heard if it had been previously acquired. may also appeal as prescribed in this article. The facts which entitle such person to appeal must be shown by an affidavit which must be filed with the notice of appeal."

It is, therefore, clear that the appeal was taken within the time prescribed by law in each instance. It is equally clear that it was taken by method prescribed by law by serving notice and filing the appeal bond, and affidavit following the notice. Wash

burn v. Delaney, 30 Okla. 789, 120 Pac. 620; Adair v. Montgomery, 74 Okla. 21, 176 Pac. 911.

The second proposition presented is, Did the court err in holding that Dudley Buell, as United States probate attorney, appearing in his official capacity in behalf of Martha Jackson, had no right to appeal from the orders of the county court to the district court?

Section 6 of the Act of Congress, May 27, 1908, provides that the Secretary of the Interior may appoint representatives in Oklahoma, and further provides:

"And said representatives of the Secretary of the Interior are further authorized, and it is made their duty, to counsel and advise all allottees, adult or minor, having restricted lands, without charge, and to advise them in the preparation of all leases authorized by law to be made, and at the request of any allottee having restricted land he shall, without charge, except the necessary court and recording fees and expenses, if any, in the name of the allottee, take such steps as may be necessary, including the bringing of any suit or suits and the prosecution and appeal thereof, to cancel and annul any deed, conveyance, mortgage, lease, contract to sell, power of attorney, or any other incumbrance of any kind or character, made or attempted to be made or executed in violation of this act or any other act of Congress, and to take all steps necessary to assist said allottees in acquiring and retaining possession of their restricted lands."

It will be observed that in each of the notices for appeal it is alleged that Martha Jackson, now Davis, is an adult full-blood individual allottee of the Creek Tribe of Indians; and that Dudley Buell is a United States probate attorney for the district embracing Okfuskee county, Okla.

It will also be observed that the petition to adjudge Martha Davis, nee Jackson, an incompetent, alleged in part, "that she has a large estate consisting of real and personal property."

In the case of In re Hickory's Guardianship, 75 Okla. 79, 182 Pac. 233, the court states on page 81 of the opinion:

"Jurisdiction of the state courts over the person and property of minor allottees must come from a grant of Congress, otherwise they have no jurisdiction.

"In the same breath subjecting the property of the minor allottees to courts of the state, Congress provides for the appointment of representatives, now officially known as probate attorneys, and defined their duties and powers. Courts in accepting the jurisdiction must also recognize the duties and powers of the probate attorney. Congress in conferring power upon probate attorneys to prosecute any necessary remedy to preserve and protect the interest of minor allottees, meant to, and did, grant full and complete power, which necessarily means the right of appeal. The grant of an authority to appeal having been conferred by Congress, consequently an appeal bond by the probate attorney cannot be required as a condition precedent to an appeal, for the reason that the act of Congress does not require it. The probate attorney must follow the necessary legal procedure, but the right of an appeal cannot be denied him by any condition precedent not required by Congress.

"Full and complete power to preserve and protect estates of minor allottees necessarily means that all legal issues by the probate attorney raised must be determined and passed upon both in the trial and appellate courts before any judgment shall become effective affecting the interest of any minor allottee whom it is his duty to represent."

The same law is also applicable to incompetent full-blood Indian restricted allottees.

It will be observed that a part of the language of said section 6 of said Act of Congress pertaining to the representatives of the Secretary of the Interior makes it the duty of said representatives to "advise all allottees, adult or minor."

The affidavit made and filed by Dudley Buell, under section 1412, Comp. Stat. 1921, alleges that Martha Jackson is a full-blood individual allottee of the Creek Tribe of Indians. Section 1449, Comp. Stat. 1921, provides:

"When it is represented to the county court upon the verified petition of any relative or friend, that any person is insane, or from any cause mentally incompetent to manage his property, the judge must cause notice to be given to the supposed insane or incompetent person, of the time and place of hearing the case, not less than five days before the time so appointed, and such person, if able to attend, must be produced before him on the hearing."

Section 1450, Comp. Stat. 1921, provides:

"If after a full hearing and examination upon such petition, it appears to the judge of the county court that the person in question is incapable of taking care of himself and managing his property, he must appoint a guardian of his person and estate, with the powers and duties in this article (chapter) specified."

Section 1451, Comp. Stat. 1921, provides:

"Every guardian appointed as provided

in the preceding section, has the care and custody of his ward, and the management of all his estate, until such guardian is legally discharged; and he must give bond to such ward, in like manner and with like conditions, as before prescribed with respect to the guardian of a minor."

From an examination of the record and the authorities submitted, we hold that Dudley Buell, in his official capacity as United States probate attorney for the district embracing Okfuskee county, Okla., was sufficiently entitled by law to be heard in said proceedings; that said Martha Jackson being a full-blood Creek allottee, the affidavits, bond, and notice of appeal were all that the law required of him to perfect such an appeal, and the district court of Okfuskee county erred in dismissing said appeal.

The cause is reversed and remanded, with direction to re-instate said cause and proceed with same in conformity with the views herein expressed.

All the Justices concur.

Note.—See under (1) 31 C. J. p. 544, § 148 (Anno). (2) 15 C. J. p. 1023, § 443.