In re **WINTER'S GUARDIANSHIP.**

No. 34915.

Supreme Court of Oklahoma.

Nov. 3, 1953.

Rehearing Denied Dec. 8, 1953.

737

O'NEAL, Justice.

This is an appeal from the District Court of Atoka County, Oklahoma, from an order and judgment refusing to dismiss an appeal from the County Court of Atoka County, Oklahoma, and from the judgment of the District Court denying claim of H. A. Ledbetter for attorney's fee.

On the 18th day of October, 1949, H. A. Ledbetter filed a petition in the County Court of Atoka County for allowance of claim as an attorney's fee against Arvil Winter, as legal guardian of Lucile Winter, a minor. On the 21st day of November, 1949, the County Court entered an order and judgment reciting the appearance of H. A. Ledbetter per se and of Horace D. Payne, United States Probate Attorney for Arvil Winter, legal guardian of Lucile Winter, a minor. The County Court found that H. A. Ledbetter prepared all guardianship papers, including a petition for the sale of an oil and gas lease covering a ⅔₅ths interest of the minor in certain lands in Carter County, Oklahoma; that Mr. Ledbetter was instrumental in bringing about the sale of the oil and gas lease for a consideration of $710 an acre, or a total sum in excess of $9,000. The court ordered and decreed that Mr. Ledbetter be allowed the sum of $200 as an attorney's fee for said services, and ordered the guardian to pay said sum to the claimant.

On the 25th day of November, 1949, Howard D. Payne, United States Probate Attorney for the District including Atoka County, Oklahoma, filed a written notice of appeal with the County Judge of said county of his intention to appeal from the order and judgment in favor of Mr. Ledbetter to the District Court of said county. On the 12th day of December, 1949, H. A. Ledbetter filed his motion to dismiss said appeal in the District Court. Said motion, after reciting the judgment of the County Court in favor of Mr. Ledbetter against Arvil Winter, legal guardian of Lucile Winter, a minor, and the written notice of appeal filed in said cause by Horace D. Payne, United States Probate Attorney, stated that the appeal should be dismissed for the following reasons: (a) That no appeal was taken

Sigler & Jackson, Ardmore, for plaintiff in error.

Horace D. Payne, Durant, for the United States Probate Attorney.

by Arvil Winter, legal guardian of Lucile Winter, a minor, against whom judgment was rendered in the County Court of Atoka County, Oklahoma; and (b) that no bond on appeal was made.

On the 26th day of September, 1950, the District Court heard said motion to dismiss and overruled the same. Mr. Ledbetter elected to stand upon said motion and the court thereupon entered an order denying his claim for an attorney's fee and entered an order reversing the judgment of the County Court, with directions to enter a judgment against the said H. A. Ledbetter. The present appeal is taken from said order and judgment of the District Court of Atoka County.

The record here discloses that the notice of appeal is not taken by the guardian of the minor, or by the United States Probate Attorney in his official capacity as representing the guardian of the minor, but is taken solely by him as a United States Probate Attorney. The notice of appeal reads:

"Notice of Appeal

"To Honorable J. B. Maxey, County Judge, Atoka, Oklahoma:

"Horace D. Payne, United States Probate Attorney for the District including Atoka County, Oklahoma, herewith gives notice of an appeal to the District Court of Atoka County from an order of the County Court rendered in this matter on the 21st day of November, 1949, said order being for the payment to H. A. Ledbetter of an attorney's fee of $200 for services alleged to have been rendered by him to the guardian above named. This appeal is taken on questions of fact and of law.

"Dated this 23rd day of November, 1949.

"Horace D. Payne
"U. S. Probate Attorney."

The parties in their respective briefs state that Lucile Winter is a one-half blood restricted Choctaw Indian minor, and was the owner of an undivided 2/15ths interest in the Carter County, Oklahoma land involved in the sale of an oil and gas lease thereon. This appeal does not challenge the sufficiency of the evidence to sustain the County Court's order approving the claim and en-tering judgment against the guardian for its payment. The legal question presented is whether, in the absence of an appeal by the guardian of the minor from the order and judgment of the County Court of Atoka County to the District Court, Horace D. Payne, U. S. Probate Attorney in his official capacity could perfect the appeal without complying with the State law with reference to giving bond as required by statute.

The further question presented is whether the District Court of Atoka County erred in refusing to sustain the motion of Mr. Ledbetter to dismiss the appeal, and in rendering judgment in favor of said Lucile Winter, a minor, Arvil Winter, legal guardian and Horace D. Payne, United States Probate Attorney.

Our probate procedure governs the method and manner of taking an appeal from the County Court to the District Court. Title 58 O.S.1951 §§ 725–726, respectively, reads as follows:

"§ 725. The appeal must be made:

"1. By filing a written notice thereof with the judge of the county court, stating the judgment, decree, or order appealed from, or some specific part thereof, and whether the appeal is on a question of law, or of fact, or of both, and, if of law alone, the particular grounds upon which the party intends to rely on his appeal; and,

"2. By executing and filing within the time limited in the preceding section, such bond as is required in the following sections. It shall not be necessary to notify or summon the appellee or respondent to appear in the district court, but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pendency of the proceedings in the county court."

"§ 726. The appeal bond shall be in such sum as the county court shall require and deem sufficient, with at least two sufficient sureties to be approved by the judge, conditioned that the appellant will prosecute his appeal with due diligence to a determination, and will abide, fulfill and perform what-

ever judgment, decree or order may be rendered against him in that proceeding by the district court, and that he will pay all damages which the opposite party may sustain by reason of such appeal, together with all costs that may be adjudged against him; and such appeal bond shall stand in lieu of the cost bond and the cost deposit required in section 764 of the Compiled Statutes of Oklahoma, 1921, and the Court Clerk shall not require either cost bond or cost deposit in such appeal cases."

■ Horace D. Payne, as Probate Attorney, had the right to represent Arvil Winter, legal guardian of Lucile Winter, a minor, in the County Court of Atoka County, as such authority is authorized under the Act of Congress approved May 27, 1908, c. 199, 35 Stat. at L. 312, as well as under the Act of Congress approved August 4, 1947, known as Public Law No. 336 of the 80th Congress, 61 Stat. 731. Under these Acts Congress expressly consented that restricted Indians of the Five Civilized Tribes should be subject to the statutes on guardianship of the State of Oklahoma, "as state law."

The question thus posed is whether the appeal can be taken by the Probate Attorney without complying with the provisions of Title 58 O.S.1951 §§ 725–726 requiring an appeal bond.

Our attention is called to the case of Buell v. McKinney, 113 Okl. 92, 239 P. 467, in support of the authority of the probate attorney to perfect an appeal from the County to the District Court in a guardianship matter without bond. An examination of that case discloses that the United States Probate Attorney there complied with the State statute by filing the appeal bond and obtaining an order approving the same. It was there held that the District Court erred in dismissing the appeal. We there said:

"Under section 6 of the Act of Congress, May 27, 1908, a probate attorney, as the representative of the Secretary of the Interior, may appeal from the order of the county court to the district court where the estate of a full-blood restricted allottee is involved."

The briefs of counsel also call our attention to the case of Clark v. De Graffenreid, 64 Okl. 177, 166 P. 736, and In re Hickory's Guardianship (Hickory v. Campbell), 75 Okl. 79, 182 P. 233.

In the first cited case the question there posed was whether Clark, by reason of his contractual relations with the guardian of the minor allottee and freedman citizen of the Choctaw nation, had such an interest as to entitle him to prosecute in this court his application for a writ of prohibition, and whether the United States Probate Attorney could appeal in behalf of the minor the order of the County Court to the District Court without giving the appeal bond required by Sections 1563 and 1564, Stats. 1890, Sections 6505 and 6506, Revised Laws of 1910, Title 58 O.S.1951 §§ 725–726.

After quoting section 6 of the Act of Congress of May 27, 1908, c. 199, 35 Stat. 312, we held:

"* * * the local representatives appointed by the Secretary of the Interior, with authority and duty under said act, among other things, 'of prosecuting any necessary remedy, either civil or criminal, or both, to preserve the property and protect the interest of * * * minor allottees,' are authorized, as, in effect, congressionally designated 'next friends' of such allottees, to prosecute an appeal in behalf of such minor allottees from the county to the district court from any appealable order obtained by the guardian of such allottees which affects their property or interests."

In the second cited case, In re Hickory's Guardianship, supra, the record discloses that the County Court refused confirmation of sale of land of a full-blood Creek Indian. From the order of the District Court reversing the County Court and entering an order approving the sale, an appeal was taken to this court by the United States Probate Attorney. The defendant in error, the purchaser at the sale, moved to dismiss the appeal upon the ground that no appeal bond was given by the United States Probate Attorney as the next friend of the minor.

740

Referring to Section 6 of the Act of Congress approved May 27, 1908, c. 199, 35 Stat. at L. 312, this court said [75 Okl. 79, 182 P. 235]:

"Jurisdiction of the state courts over the person and property of minor allottees must come from a grant of Congress, otherwise they have no jurisdiction.

"* * * Courts in accepting the jurisdiction must also recognize the duties and powers of the probate attorney. Congress, in conferring power upon probate attorneys to prosecute any necessary remedy to preserve and protect the interest of minor allottees, meant to, and did, grant full and complete power, which necessarily means the right of an appeal. The grant of an authority to appeal having been conferred by Congress, consequently an appeal bond by the probate attorney cannot be required as a condition precedent to an appeal, for the reason the act of Congress does not require it. The probate attorney must follow the necessary legal procedure, but the right of an appeal cannot be denied him by any condition precedent not required by Congress."

 As we construe the Act of Congress of May 27, 1908, c. 199, 35 Stat. at L. 312, and the Act of Congress approved August 4, 1947, known as Public Law No. 336 of the 80th Congress, which Acts provide that the State courts of Oklahoma shall have exclusive jurisdiction of all guardianship matters affecting Indians of the Five Civilized Tribes, of all proceedings to administer their estates, the Acts authorize all attorneys provided for under said Acts to appear and represent any restricted Indian of the Five Civilized Tribes in any of the courts of the State of Oklahoma in matters in which the restricted Indian may have an interest, and authorize said attorney to appear in said causes and to appeal any adverse order or judgment affecting the interest of said restricted Indian to Appellate Courts without giving bond as otherwise provided by Title 58 O.S.1951 §§ 725–726.

The record here discloses that the District Court denied the motion of H. A. Ledbetter to dismiss the appeal taken by the United States Probate Attorney. We hold that the ruling upon the motion to dismiss the appeal was properly denied.

Affirmed.

HALLEY, C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.